SAMUEL ALBA (0031)
RICHARD A. VAN WAGONER (4690)
JAMES S. JUDD (14693)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone: (801) 521-9000
Facsimile:  (801) 363-0400
sa@scmlaw.com
rav@scmlaw.com
jsj@scmlaw.com

*Attorneys for RaPower-3, LLC,*
*International Automated Systems, Inc.,*
*LTB1, LLC, and Neldon Johnson*

---

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil No. 2:15-cv-00828 DN |
| Plaintiff, | **ANSWER** |
| vs. | |
| RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN, | Judge David Nuffer |
| Defendants. | |

## <u>ANSWER</u>

Defendants RaPower-3, LLC, International Automated Systems, Inc., LTB1, LLC, and

Neldon Johnson answer Plaintiff's Complaint as follows:

**Nature of Action**

1.      The allegations in Paragraph 1 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny.

2.      The allegations in Paragraph 2 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny.

**Authorization**

3.      No response is required to Plaintiff's characterization of its authority to file the above-captioned action.  To the extent a response is required, Defendants deny.

**Jurisdiction and Venue**

4.      Defendants admit that this Court has jurisdiction over this matter.

5.      Defendants admit that venue is proper in this Court, but deny the remaining allegations contained in Paragraph 5.

6.      Defendants admit that venue is proper in this Court, but deny the remaining allegations contained in Paragraph 6.

**Parties**

7.      Admit.

8.      Admit.

9.      Admit.

10.     Admit.

11.     These Defendants deny the allegations contained in Paragraph 11 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to

form a belief as to the truthfulness of the remaining allegations contained in Paragraph 11 and therefore deny the same.

12.    Defendants admit that Neldon Johnson is a resident of the State of Utah and that he was a manager and officer of RaPower-3, IAS, and LTB, but Defendants deny the remaining allegations contained in Paragraph 12.

13.    These Defendants deny the allegations contained in Paragraph 13 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 13 and therefore deny the same.

### Defendants' Abusive Solar Energy Scheme

14.    Defendants admit that RaPower-3 uses a multi-level marketing model but deny the remaining allegations contained in Paragraph 14.

15.    Defendants admit that RaPower-3 and IAS use their own websites and social media sites but deny the remaining allegations contained in Paragraph 15.

16.    These Defendants deny the allegations contained in Paragraph 16 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 16 and therefore deny the same.

17.    Admit.

18.    Deny.

19.    Deny.

20.     These Defendants deny the allegations contained in Paragraph 20 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 20 and therefore deny the same.

21.     Defendants admit that there are photos and videos on RaPower-3 and IAS's websites depicting how the solar energy technology works, but Defendants deny the remaining allegations contained in Paragraph 21.

22.     Defendants admit that Neldon Johnson invented the solar technology used by RaPower-3 and IAS, but Defendants deny the remaining allegations contained in Paragraph 22.

23.     Admit.

24.     Defendants admit that customers can purchase solar lenses from RaPower-3, but Defendants deny the remaining allegations contained in Paragraph 24.

25.     Defendants admit that customers sign a purchase agreement for solar lenses with RaPower-3 and have the option to sign a bonus referral contract and enter into an operation and maintenance agreement with LTB.  Defendants deny the remaining allegations contained in Paragraph 25.

26.     Admit.

27.     Defendants admit that as of the date of the filing of this Answer, the purchase price for a lens is $3,500.  Defendants deny the remaining allegations contained in Paragraph 27.

28.      Defendants admit that Neldon Johnson signs operation and maintenance agreements on behalf of LTB.  Defendants deny the remaining allegations contained in Paragraph 28.

29.     Defendants admit that customers do not have out-of-pocket costs for allowing LTB to install, operate, and maintain a customer's lenses in order to produce revenue for LTB. Defendants deny the remaining allegations contained in Paragraph 29.

30.     Defendants admit that a customer does not need to operate and maintain a lens if the customer enters into an operational and maintenance agreement with LTB.  Defendants deny the remaining allegations contained in Paragraph 30.

31.     Defendants admit that LTB makes rental payments to customers that have entered operational and maintenance agreements with LTB for the use of the customer's lens; pursuant to the operations and maintenance agreement, LTB rents the lenses for $150 per year for 35 years. Defendants deny the remaining allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32.  Currently there are not bonus referral contracts available.   Bonus referral contracts were issued in the past. Purchases before May 23, 2011 have a maximum payout of $6,000 per lens based on .006% of the first billion dollars in gross sales of IAS.  From May 24, 2011 to February 29, 2012, the bonus referral contract went to a maximum payout of $2,000 for each solar lens purchased on .002% of the first billion dollars in gross sales of IAS.  From March 1, 2012 through July 31, 2014, the bonus referral contract went to a maximum payout of $2,000 for each solar lens purchased on .002% of the second billion dollars in gross sales of IAS (International Automated Systems).

33.     Defendants deny the allegations contained in Paragraph 33.  RaPower-3 and IAS inform customers that they "may be eligible" for tax credits and advise customers to consult appropriate tax advisors.

34.     Defendants admit that relevant authority from the United States Tax Court discussing property purchased for lease to others to be placed in service provides as follows: "it is not necessary that the property actually be used during the taxable year in the taxpayer's profit-motivated venture. It is sufficient that the property be available for use." *Waddell v. Commissioner*, 86 T.C. 848 (1986), citing *Sears Oil Co. v. Commissioner*, 359 F.3d 191, 198 (2d Cir. 1966) and *Grow v. Commissioner*, 80 T.C. 314, 326-327 (1983).  Defendants deny the remaining allegations contained in Paragraph 34.

35.     Deny.

36.     Defendants admit that customers are allowed to sponsor others to buy lenses from RaPower-3 through a multi-level marketing model.  Defendants deny the remaining allegations contained in Paragraph 36.

37.     These Defendants deny the allegations contained in Paragraph 37 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 37 and therefore deny the same.

38.     Deny.

39.     These Defendants deny the allegations contained in Paragraph 39 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 39 and therefore deny the same.

40.     Deny.

**Defendants' Customers are Not Entitled to the Tax Benefits that Defendants Promote, and Defendants Know or Have Reason to Know it.**

41.     No response is required to Plaintiff's description of the solar energy technology. To the extent a response is required, Defendants deny.

42.     Defendants deny the allegations in Paragraph 42.  RaPower-3 allows customers and potential customers to view the letter prepared by Anderson Law Center and the memorandum prepared by Kirton McConkie; however, customers are encouraged to seek their own professional tax advice and not rely on the aforementioned correspondence.

43.     Deny.

44.     Deny.

*Defendants' purported solar technology is a sham.*

45.     Deny.

46.     Deny.

47.     Deny.  The solar lenses are thin and consist of extremely-durable, non-yellowing aviation-grade acrylic.

48.     Admit.

49.     Defendants admit that the lenses installed in Millard County have been exposed to desert conditions.  Defendants deny the remaining allegations contained in Paragraph 48.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

*The financial structure of Defendants' solar energy scheme is a sham and lacks economic substance.*

56.     Deny.

57.     Defendants admit that RaPower-3 does not require a customer to immediately pay the full $3,500 purchase price for a lens at the time the purchase agreement is signed; however, the customer is responsible for ultimately paying the entire purchase price pursuant to the financing arraignment with RaPower-3.

58.     Defendants admit that the down payment for a lens is $1,050.

59.     Defendants admit that a customer may elect to pay 10% of the down payment (i.e. $105) within 15 days of signing the purchase agreement.

60.     Defendants admit that the remaining $945 down payment is due the following year that the purchase agreement is signed, and the customer can chose to use any tax refund or savings that may have been obtained from purchasing the lens towards the remaining down payment owed.  Defendants deny the remaining allegations contained in Paragraph 60.

61.     Deny.

62.     Defendants admit that a customer can finance from RaPower-3 $2,450 per lens purchased.

63.     Defendants admit that as a condition to the financing arrangement with a customer and RaPower-3, a customer must pledge to RaPower-3 the purchased lens as collateral. Defendants deny the remaining allegations contained in Paragraph 63.

64.     Admit.

65.     Defendants admit that payments and interest on lenses purchased are deferred until five years after the lenses begin generating rental income.  However, the payments to RaPower-3 on the balance owned by the customer will be paid directly by LTB pursuant to the operation and maintenance agreement with LTB.

66.     Deny.

67.     Deny.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Defendants admit that a customer may possibly be able to eliminate tax liability by the tax credits and deductions obtained by purchasing lenses.  Defendants deny the remaining allegations contained in Paragraph 71.

72.     Deny.

73.     Admit.

74.     These Defendants deny the allegations contained in Paragraph 74 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 74 as they are unaware of the amounts used by taxpayers to compute credits and depreciation, and therefore deny the same.

75.     Deny.

76.     Deny.

77.     Deny.

9

**As a Direct Result of Defendant's Abusive Solar Energy Scheme and Defendants' False or Fraudulent Statements, Their Customers Claimed and Received Tax Benefits That They Were Not Entitled to Receive.**

78.     Deny.

79.     These Defendants deny the allegations contained in Paragraph 79 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 79 and therefore deny the same.

80.     These Defendants deny the allegations contained in Paragraph 80 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 80 and therefore deny the same.

81.     These Defendants deny the allegations contained in Paragraph 81 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 81 and therefore deny the same.

82.     These Defendants deny the allegations contained in Paragraph 82 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 82 and therefore deny the same.

83.     These Defendants deny the allegations contained in Paragraph 83 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to

form a belief as to the truthfulness of the remaining allegations contained in Paragraph 83 and therefore deny the same.

84.     These Defendants deny the allegations contained in Paragraph 84 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 84 and therefore deny the same.

85.     These Defendants deny the allegations contained in Paragraph 85 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 85 and therefore deny the same.

86.     These Defendants deny the allegations contained in Paragraph 86 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 86 and therefore deny the same.

87.     Deny.

88.     These Defendants deny the allegations contained in Paragraph 88 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 88 and therefore deny the same.

89.     These Defendants deny the allegations contained in Paragraph 89 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to

form a belief as to the truthfulness of the remaining allegations contained in Paragraph 89 and therefore deny the same.

90.    Deny.

91.    These Defendants deny the allegations contained in Paragraph 91 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 91 and therefore deny the same.

92.    Deny.

93.    These Defendants deny the allegations contained in Paragraph 93 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 93 and therefore deny the same.

94.    These Defendants deny the allegations contained in Paragraph 94 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 94 and therefore deny the same.

95.    Deny.

96.    These Defendants deny the allegations contained in Paragraph 96 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 96 and therefore deny the same.

97.     These Defendants deny the allegations contained in Paragraph 97 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 97 and therefore deny the same.

98.     These Defendants deny the allegations contained in Paragraph 81 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 81 and therefore deny the same.

99.     These Defendants deny the allegations contained in Paragraph 99 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 99 and therefore deny the same.

100.    Deny.

101.    Deny.

102.    These Defendants deny the allegations contained in Paragraph 102 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 102 and therefore deny the same.

**Defendants Continue to Make False Claims About Securing Tax Benefits.**

103.    Defendants admit that the IRS has disallowed tax deductions and credits claimed by Defendants.  Defendants deny the remaining allegations contained in Paragraph 103.

104.    Deny.

105.    These Defendants deny the allegations contained in Paragraph 105 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 105 and therefore deny the same.

106.    Deny.

107.    Deny.

108.    Deny.

109.    These Defendants deny the allegations contained in Paragraph 109 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 109 and therefore deny the same.

**Defendants' Abusive Solar Energy Scheme Causes Irreparable Harm to the United States and to the Taxpaying Public.**

110.    Deny.

111.    Deny.

112.    These Defendants deny the allegations contained in Paragraph 112 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 112 and therefore deny the same.

113.    These Defendants deny the allegations contained in Paragraph 113 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 113 and therefore deny the same.

114.    These Defendants deny the allegations contained in Paragraph 114 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 114 and therefore deny the same.

115.    These Defendants deny the allegations contained in Paragraph 115 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 115 and therefore deny the same.

116.    Deny.

117.    Deny.

118.    Deny.

## INJUNCTION UNDER § 7402(a)

119.    Paragraph 119 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119.

### Count I: Injunction Under § 7402(a) Against RaPower-3

120.    Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

121.    Deny.

122.    Deny.

123.    Deny.

124.    Deny.

125.    Deny.

126.   Deny.

## Count II: Injunction Under § 7402(a) Against IAS

127.   Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

128.   Deny.

129.   Deny.

130.   Deny.

131.   Deny.

132.   Deny.

## Count III: Injunction Under § 7402(a) Against LTB

133.   Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

134.   Deny.

135.   Deny.

136.   Deny.

137.   Deny.

138.   Deny.

## Count IV: Injunction Under § 7402(a) Against Shepard

139.   Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

140.   Deny.

141.   Deny.

142.   Deny.

143.   Deny.

144.   Deny.

**Count V: Injunction Under § 7402(a) Against Johnson**

145.   Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

146.   Deny.

147.   Deny.

148.   Deny.

149.   Deny.

150.   Deny.

**Count VI: Injunction Under § 7402(a) Against Freeborn**

151.   Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

152.   Deny.

153.   Deny.

154.   Deny.

155.   Deny.

156.   Deny.

**INJUNCTION UNDER § 7408**

157.   Paragraph 157 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Paragraph 160 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

**Count VII: Injunction Under § 7408 Against RaPower-3**

161.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

162.    Deny.

163.    Deny.

164.    Deny.

165.    Deny.

166.    Deny.

167.    Deny.

**Count VIII: Injunction Under § 7408 Against IAS**

168.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

169.    Deny.

170.    Deny.

171.    Deny.

172.    Deny.

173.   Deny.

174.   Deny.

## Count IX: Injunction Under § 7408

175.   Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

176.   Deny.

177.   Deny.

178.   Deny.

179.   Deny.

180.   Deny.

181.   Deny.

182.   Deny.

## Count X: Injunction Under § 7408 Against Johnson

183.   Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

184.   Deny.

185.   Deny.

186.   Deny.

187.   Deny.

188.   Deny.

189.   Deny.

190.   Deny.

**Count XI: Injunction Under § 7408 Against Freeborn**

191.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

192.    Deny.

193.    Deny.

194.    Deny.

195.    Deny.

196.    Deny.

197.    Deny.

198.    Deny.

**<u>DEFENSES</u>**

Defendants assert the following defenses to the claims asserted in Plaintiff's Complaint and hereby reserve the right to raise additional defenses and counterclaims that may be appropriate as discovery and fact investigation proceed in this action.

<u>First Defense</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>Second Defense</u>

Any harm or damage sustained by Plaintiff was caused or contributed to by the fault of third persons over whom these Defendants had no control, but who may have been at fault.

<u>Third Defense</u>

Defendants at all times acted in good faith.  Defendants' acts were taken in good faith, and were fully justified and reasonable under the circumstances.

<u>Fourth Defense</u>

The relief requested by Plaintiff is bared, in whole or in part, by the applicable statute of limitations.

<u>Fifth Defense</u>

Each and every position and representation made by Defendants in its dealings with the Internal Revenue Service and other taxpayers has been grounded in reason and has sound basis in fact and in law.

<u>Sixth Defense</u>

Plaintiff's claims are barred to the extent that Defendants diligently and reasonably investigated the facts and relied upon the tax advice provided by Defendants' attorneys.

<u>Seventh Defense</u>

The injunctive relief requested by Plaintiff is not necessary or appropriate for the enforcement of the internal revenue laws as required by Section 7402 of the Internal Revenue Code.

<u>Eighth Defense</u>

The injunctive relief requested by Plaintiff is barred because Defendants have not engaged in "specified conduct" as defined under Section 7408 of the Internal Revenue Code (i.e. taken action which is subject to penalty under Sections 6700, 6701, 6707, or 6708 of the Internal Revenue Code or in violation of Section 330 of Title 31 of the United States Code).

<u>Ninth Defense</u>

The injunctive relief requested by Plaintiff is barred because Defendants did not make any statements which Defendants knew or had reason to know were to be false or fraudulent

regarding the allowance of a deduction or credit, the excludability of any income, or the securing of any other tax benefit.

Tenth Defense

The injunctive relief requested by Plaintiff is barred because the tax credits and deductions taken were appropriate and allowed under the Internal Revenue Code.

Eleventh Defense

The injunctive relief requested by Plaintiff is barred because Defendants are engaged in a legitimate trade or business that has economic substance.

**PRAYER FOR RELIEF**

Having answered the Complaint, these Defendants pray for the following:

1.      That Plaintiff's Complaint be dismissed with prejudice;

2.      That Defendants be awarded their costs, expenses, and attorneys' fees incurred herein;

2.      For such other and further relief as the Court deems just and appropriate.

DATED this 21st day of January, 2016.

SNOW, CHRISTENSEN & MARTINEAU


_____/s/  Samuel Alba_____
Samuel Alba
Richard A. Van Wagoner
James S. Judd
*Attorneys for RaPower-3, LLC,*
*International Automated Systems, Inc.,*
*LTB1, LLC, and Neldon Johnson*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 21st day of January, 2016, the foregoing **ANSWER** was

electronically filed with the Clerk of the Court through the CM/ECF system, which sent notice of

the electronic filing to the following:

> Erin Healy Gallagher
> Christopher R. Moran
> US Department of Justice
> Tax Division
> erin.healygallagher@usdoj.gov
> christopher.r.moran@usdoj.gov
>
> Erin R. Hines
> US Department of Justice
> Central Civil Trial Section
> erin.r.hines@usdoj.gov
>
> John K. Mangum
> US Attorney's Office
> john.mangum@usdoj.gov
> *Attorneys for Plaintiff U.S.A.*
>
> Donald S. Reay
> Miller Reay & Associates
> donald@reaylaw.com
> *Attorneys for R. Gregory Shepard*
> *and Roger Freeborn*

/s/  Samuel Alba