**DONALD S. REAY (11948)**
43 WEST 9000 SOUTH, SUITE B
SANDY, UTAH 84070
TELEPHONE: (801) 999-8529
FAX:        (801) 206-0211
DONALD@REAYLAW.COM
*Attorney for Defendants*
*R. Gregory Shepard and Roger Freeborn*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1,LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br>                    Defendants. | Civil No. 2:15-cv-00828 DN<br><br>**A N S W E R**<br>**F O R   D E F E N D A N T S**<br>**R.   G R E G O R Y   S H E P A R D**<br>**a n d   R O G E R   F R E E B O R N**<br><br>**Judge David Nuffer** |

## <u>ANSWER</u>

Defendants R. Gregory Shepard and Roger Freeborn (hereinafter "Defendants") hereby

answers the corresponding numbered paragraphs of the Plaintiff's Complaint as follows:

### Nature of Action

1.      The allegations in Paragraph 1 and subparts (a) through (f) call for a legal conclusion to

which no response is required.  To the extent a response is required, Defendants deny.

2.      The allegations in Paragraph 2 and subparts (a) and (b) call for a legal conclusion to

which no response is required.  To the extent a response is required, Defendants deny.

### Authorization

3.      No response is required to Plaintiff's characterization of its authority to file the above-captioned action.  To the extent a response is required, Defendants deny.

### Jurisdiction and Venue

4.      Defendants admit that this Court has jurisdiction over this matter.

5.      Defendants admit that venue is proper in this Court, but deny the remaining allegations contained in Paragraph 5.

6.      Defendants admit that venue is proper in this Court, but deny the remaining allegations contained in Paragraph 6.

### Parties

7.      Admit.

8.      Admit.

9.      Admit.

10.      Admit.

11.      These Defendants deny the allegations contained in Paragraph 11 to the extent they refer to these Defendants but admit that R. Gregory Shepard is a resident of the state of Utah. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 11 and therefore deny the same. Further, R. Gregory Shepard denies the allegations that he acted on behalf of RaPower-3 as a manager, director, and/or officer at any time and denies the remaining allegations of Paragraph

11.

12.     Defendants are without information and belief as to any claimed residency of Defendant Neldon Johnson but admit, upon information and belief, that he was a manager and officer of RaPower-3, IAS, and LTB, but Defendants deny the remaining allegations contained in Paragraph 12.

13.     These Defendants deny the allegations contained in Paragraph 13 to the extent they refer to these Defendants but admit that Roger Freeborn is a resident of the state of Oregon. Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 13 and therefore deny the same.

**Defendants' abusive solar energy scheme.**

14.     Defendants admit that RaPower-3 uses a multi-level marketing model but deny the remaining allegations contained in Paragraph 14.

15.     Defendants admit that RaPower-3 and IAS have business websites and social media sites but deny the remaining allegations contained in Paragraph 15.

16.     These Defendants deny the allegations contained in Paragraph 16 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 16 and therefore deny the same.

17.     These Defendants deny the allegations contained in Paragraph 17 to the extent they refer to these Defendants but admit, upon information and belief, that the technology related to the company Defendants in this case involves said technology.

18.     Deny.

19.     Deny.

20.     These Defendants deny the allegations contained in Paragraph 20 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 20 and therefore deny the same.

21.     Defendants admit that there are photos and videos on RaPower-3 and IAS's websites depicting how the solar energy technology works, but Defendants deny the remaining allegations contained in Paragraph 21.

22.     These Defendants deny the allegations contained in Paragraph 22 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 22 and therefore deny the same.

23.     These Defendants deny the allegations contained in Paragraph 23 to the extent they refer to these Defendants.

24.     These Defendants deny the allegations contained in Paragraph 24 to the extent they refer to these Defendants. Defendants admit, upon information and belief, that customers can purchase solar lenses from RaPower-3, but Defendants deny the remaining allegations contained in Paragraph 24.

25.     These Defendants deny the allegations contained in Paragraph 25 to the extent they refer to these Defendants.  Defendants admit, upon information and belief, that customers sign a

purchase agreement for solar lenses with RaPower-3 and have the option to sign a bonus referral contract and enter into an operation and maintenance agreement with LTB.  Defendants deny the remaining allegations contained in Paragraph 25.

26.     These Defendants deny the allegations contained in Paragraph 26 to the extent they refer to these Defendants.  Defendants admit, upon information and belief, the remaining allegations related to RaPower-3.

27.     These Defendants deny the allegations contained in Paragraph 27 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 27 and therefore deny the same.

28.      These Defendants deny the allegations contained in Paragraph 28 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 28 and therefore deny the same.

29.     These Defendants deny the allegations contained in Paragraph 29 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 29 and therefore deny the same.

30.     These Defendants deny the allegations contained in Paragraph 30 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 30 and therefore

deny the same.

31.     These Defendants deny the allegations contained in Paragraph 31 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 31 and therefore deny the same.

32.     These Defendants deny the allegations contained in Paragraph 32 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 32 and therefore deny the same.

33.     These Defendants deny the allegations contained in Paragraph 33 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 33 and therefore deny the same.

34.     Defendants admit that relevant authority from the United States Tax Court discussing property purchased for lease to others to be placed in service provides as follows: "it is not necessary that the property actually be used during the taxable year in the taxpayer's profit-motivated venture. It is sufficient that the property be available for use." *Waddell v. Commissioner*, 86 T.C. 848 (1986), citing *Sears Oil Co. v. Commissioner*, 359 F.3d 191, 198 (2d Cir. 1966) and *Grow v. Commissioner*, 80 T.C. 314, 326-327 (1983).  Defendants deny the remaining allegations contained in Paragraph 34.

35.     Deny.

36.     These Defendants deny the allegations contained in Paragraph 36 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 36.  Defendants admit, upon information and belief, that customers of the defendant businesses are allowed to sponsor others to buy lenses from RaPower-3 through a multi-level marketing model. Defendants deny the remaining allegations contained in Paragraph 36.

37.     These Defendants deny the allegations contained in Paragraph 37 to the extent they refer to these Defendants.  Defendant, Roger Freeborn is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 37 and therefore denies the same.  Defendant, Gregory Shepard, admits he has acted as an independent contractor working with RaPower-3 but denies the remaining allegations of Paragraph 37.

38.     These Defendants deny the allegations contained in Paragraph 38 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 38 and therefore deny the same.

39.     These Defendants deny the allegations contained in Paragraph 39 to the extent they refer to these Defendants.  Defendant, Gregory Shepard is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 39 and therefore denies the same.  Defendant, Roger Freeborn, admits he has acted as an independent contractor working with RaPower-3 but denies the remaining allegations of Paragraph 39.

40.     Deny.


**Defendants' customers are not entitled to the tax benefits that Defendants promote, and Defendants know or have reason to know it.**

41.     No response is required to Plaintiff's description of the solar energy technology.  To the extent a response is required, Defendants deny.

42.     Defendants deny the allegations in Paragraph 42.  RaPower-3 allows customers and potential customers to view the letter prepared by Anderson Law Center and the memorandum prepared by Kirton McConkie; however, customers are encouraged to seek their own professional tax advice and not rely on the aforementioned correspondence.

43.     Deny.

44.     Deny.

*Defendants' purported solar technology is a sham.*

45.     Deny.

46.     These Defendants deny the allegations contained in Paragraph 46 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 46 and therefore deny the same.

47.     Deny.  The solar lenses are thin and consist of extremely-durable, non-yellowing aviation-grade acrylic.

48.     Admit.

49.     Defendants admit that the lenses installed in Millard County have been exposed to desert conditions.  Defendants deny the remaining allegations contained in Paragraph 48.

50.     Deny.

51.     Deny These Defendants deny the allegations contained in Paragraph 51 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 51 and therefore deny the same.

52.     These Defendants deny the allegations contained in Paragraph 52 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 52 and therefore deny the same.

53.     Deny.

54.     Deny.

55.     These Defendants deny the allegations contained in Paragraph 55 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 55 and therefore deny the same.

*The financial structure of Defendants' solar energy scheme is a sham and lacks economic substance.*

56.     Deny.

57.     These Defendants deny the allegations contained in Paragraph 57 to the extent they refer to these Defendants.   Defendants  are  without  knowledge  or  information  sufficient  to  form  a

belief as to the truthfulness of the remaining allegations contained in Paragraph 57 and therefore deny the same.

58.     These Defendants deny the allegations contained in Paragraph 58 to the extent they refer to these Defendants.  Defendants admit, upon information and belief, that the down payment for the purchase of a lens, from the defendant companies in this case, is $1,050.

59.     Defendants admit, upon information and belief, that a customer, of the defendant companies listed in this case, may elect to pay 10% of the down payment (i.e. $105) within 15 days of signing a purchase agreement.

60.     Defendants admit, upon information and belief, that the remaining $945 down payment is due, to the defendant companies listed in this case, the following year that the purchase agreement is signed, and the customer can chose to use any tax refund or savings that may have been obtained from purchasing the lens towards the remaining down payment owed.  Defendants deny the remaining allegations contained in Paragraph 60.

61.     Deny.

62.     Defendants admit, upon information and belief, that a customer of the defendant companies can finance from RaPower-3 $2,450 per lens purchased.

63.     Defendants admit, upon information and belief, that as a condition to the financing arrangement with a customer and RaPower-3, a customer must pledge to RaPower-3 the purchased lens as collateral.  Defendants deny the remaining allegations contained in Paragraph 63.

64.     These Defendants deny the allegations contained in Paragraph 64 to the extent they refer

to these Defendants.   Defendants, upon information and belief, admit the allegations of Paragraph 64 as it relates to the defendant companies in this case.

65.     Defendants, upon information and belief, admit that payments and interest on lenses purchased are deferred until five years after the lenses begin generating rental income.  However, the payments to RaPower-3 on the balance owned by the customer will be paid directly by LTB pursuant to the operation and maintenance agreement with LTB.

66.     Deny.

67.     Deny.

68.     These Defendants deny the allegations contained in Paragraph 68 to the extent they refer to these Defendants.   Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 68 and therefore deny the same.

69.     These Defendants deny the allegations contained in Paragraph 69 to the extent they refer to these Defendants.   Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 69 and therefore deny the same.

70.     These Defendants deny the allegations contained in Paragraph 70 to the extent they refer to these Defendants.  Defendants deny the remaining allegations of Paragraph 70.

71.     Defendants admit that a customer may possibly be able to eliminate tax liability by the tax credits and deductions obtained by purchasing lenses.   Defendants deny the remaining allegations contained in Paragraph 71.

72.     These Defendants deny the allegations contained in Paragraph 72 to the extent they refer to these Defendants.  Defendants deny the remaining allegations contained in Paragraph 72.

73.     These Defendants deny the allegations contained in Paragraph 73 to the extent they refer to these Defendants, but upon information and belief, admit the allegations of Paragraph 73 as to the defendant companies in this case.

74.     These Defendants deny the allegations contained in Paragraph 74 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 74 as they are unaware of the amounts used by taxpayers to compute credits and depreciation, and therefore deny the same.

75.     These Defendants deny the allegations contained in Paragraph 75 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 75 and therefore deny the same.

76.     These Defendants deny the allegations contained in Paragraph 76 and subparts (a) through (e) to the extent they refer to these Defendants.  Defendants deny the remaining allegations contained in Paragraph 76 and subparts (a) through (e).

77.     Deny.

**As a direct result of Defendant's abusive solar energy scheme and Defendants' false or fraudulent statements, their customers claimed and received tax benefits that they were not entitled to receive.**

78.     Deny.

79.     These Defendants deny the allegations contained in Paragraph 79 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 79 and therefore deny the same.

80.     These Defendants deny the allegations contained in Paragraph 80 and subparts (a) through (k) to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 80 and subparts (a) through (k) and therefore deny the same.

81.     These Defendants deny the allegations contained in Paragraph 81 and subparts (a) through (i) to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 81 and subparts (a) through (i) and therefore deny the same.

82.     These Defendants deny the allegations contained in Paragraph 82 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 82 and therefore deny the same.

83.     These Defendants deny the allegations contained in Paragraph 83 and subparts (a) through (i) to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 83 and subparts (a) through (i) and therefore deny the same.

84.     These Defendants deny the allegations contained in Paragraph 84 and subparts (a)

through (i) to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 84 and subparts (a) through (i) and therefore deny the same.

85.     These Defendants deny the allegations contained in Paragraph 85 and subparts (a) through (i) to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 85 and subparts (a) through (i) and therefore deny the same.

86.     These Defendants deny the allegations contained in Paragraph 86 and subparts (a) through (g) to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 86 and subparts (a) through (g) and therefore deny the same.

87.     Deny.

88.     These Defendants deny the allegations contained in Paragraph 88 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 88 and therefore deny the same.

89.     These Defendants deny the allegations contained in Paragraph 89 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 89 and therefore deny the same.

90.     Deny.

91.     These Defendants deny the allegations contained in Paragraph 91 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 91 and therefore deny the same.

92.     Deny.

93.     These Defendants deny the allegations contained in Paragraph 93 and subparts (a) through (k) to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 93 and subparts (a) through (k) and therefore deny the same.

94.     These Defendants deny the allegations contained in Paragraph 94 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 94 and therefore deny the same.

95.     Deny.

96.     These Defendants deny the allegations contained in Paragraph 96 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 96 and therefore deny the same.

97.     These Defendants deny the allegations contained in Paragraph 97 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 97 and therefore

deny the same.

98.     These Defendants deny the allegations contained in Paragraph 98 to the extent they refer to these Defendants.   Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 98 and therefore deny the same. Defendant Shepard denies the allegations of Paragraph 98.

99.     These Defendants deny the allegations contained in Paragraph 99 to the extent they refer to these Defendants.   Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 99 and therefore deny the same.

100.    Deny.

101.    Deny.

102.    These Defendants deny the allegations contained in Paragraph 102 to the extent they refer to these Defendants.   Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 102 and therefore deny the same.

**Defendants continue to make false claims about securing tax benefits.**

103.    Defendants admit that the IRS has disallowed tax deductions and credits claimed by Defendants.  Defendants deny the remaining allegations contained in Paragraph 103.

104.    Deny.

105.    These Defendants deny the allegations contained in Paragraph 105 to the extent they refer to these Defendants.   Defendants are without knowledge or information sufficient to form a

belief as to the truthfulness of the remaining allegations contained in Paragraph 105 and therefore deny the same.

106.    Deny.

107.    Deny.

108.    Deny.

109.    These Defendants deny the allegations contained in Paragraph 109 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 109 and therefore deny the same.

**Defendants' abusive solar energy scheme causes irreparable harm to the United States and to the taxpaying public.**

110.    Deny.

111.    Deny.

112.    These Defendants deny the allegations contained in Paragraph 112 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 112 and therefore deny the same.

113.    These Defendants deny the allegations contained in Paragraph 113 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 113 and therefore deny the same.

114.     These Defendants deny the allegations contained in Paragraph 114 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 114 and therefore deny the same.

115.     These Defendants deny the allegations contained in Paragraph 115 to the extent they refer to these Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 115 and therefore deny the same.

116.     Deny.

117.     Deny.

118.     Deny.

## INJUNCTION UNDER § 7402(a)

119.     Paragraph 119 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119.

### Count I: Injunction Under § 7402(a) Against RaPower-3

120.     Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

121.     These Defendants deny the allegations contained in Paragraph 121 to the extent they refer to these Defendants.  Defendants deny any remaining allegations contained in Paragraph 121

122.     Deny.

123.     Deny.

124.     Deny.

125.    Deny.

126.    Deny.

## Count II: Injunction Under § 7402(a) Against IAS

127.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

128.    Deny.

129.    Deny.

130.    Deny.

131.    Deny.

132.    Deny.

## Count III: Injunction Under § 7402(a) Against LTB

133.    Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

134.    Deny.

135.    Deny.

136.    Deny.

137.    Deny.

138.    Deny.

## Count IV: Injunction Under § 7402(a) Against Shepard

139.    Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

140.    Deny.

141.    Deny.

142.    Deny.

143.    Deny.

144.    Deny.

## Count V: Injunction Under § 7402(a) Against Johnson

145.    Defendants incorporates their answers to all preceding paragraphs as if set forth herein.

146.    Deny.

147.    Deny.

148.    Deny.

149.    Deny.

150.    Deny.

## Count VI: Injunction Under § 7402(a) Against Freeborn

151.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

152.    Deny.

153.    Deny.

154.    Deny.

155.    Deny.

156.    Deny.

## INJUNCTION UNDER § 7408

157.    Paragraph 157 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.     Paragraph 159 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.     Paragraph 160 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160.

### Count VII: Injunction Under § 7408 Against RaPower-3

161.     Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

162.     Deny the allegations of Paragraph 162 and subparts (a) and (b).

163.     Deny.

164.     Deny.

165.     Deny.

166.     Deny.

167.     Deny.

### Count VIII: Injunction Under § 7408 Against IAS

168.     Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

169.     Deny the allegations of Paragraph 169 and subparts (a) and (b).

170.     Deny.

171.     Deny.

172.     Deny.

173.     Deny.

174.     Deny.

### Count IX: Injunction Under § 7408

175.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

176.    Deny.

177.    Deny the allegations of Paragraph 177 and subparts (a) and (b).

178.    Deny.

179.    Deny.

180.    Deny.

181.    Deny.

182.    Deny.

## Count X: Injunction Under § 7408 Against Johnson

183.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

184.    Deny.

185.    Deny the allegations of Paragraph 185 and subparts (a) and (b).

186.    Deny.

187.    Deny.

188.    Deny.

189.    Deny.

190.    Deny.

## Count XI: Injunction Under § 7408 Against Freeborn

191.    Defendants incorporate their answers to all preceding paragraphs as if set forth herein.

192.    Deny.

193.    Deny the allegations of Paragraph 193 and subparts (a) and (b).

194.    Deny.

195.    Deny.

196.    Deny.

197.    Deny.

198.    Deny.

## DEFENSES

Defendants assert the following defenses to the claims asserted in Plaintiff's Complaint and hereby reserve the right to raise additional defenses and counterclaims that may be appropriate as discovery and fact investigation proceed in this action.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Any harm or damage sustained by Plaintiff was caused or contributed to by the fault of third persons over whom these Defendants had no control, but who may have been at fault.

### Third Defense

Defendants at all times acted in good faith.  Defendants' acts were taken in good faith, and were fully justified and reasonable under the circumstances.

### Fourth Defense

The relief requested by Plaintiff is bared, in whole or in part, by the applicable statute of limitations.

### Fifth Defense

Each and every position and representation made by Defendants in its dealings with the Internal Revenue Service and other taxpayers has been grounded in reason and has sound basis in fact and in law.

## Sixth Defense

Plaintiff's claims are barred to the extent that Defendants diligently and reasonably investigated the facts and relied upon the tax advice provided by Defendants' attorneys.

## Seventh Defense

The injunctive relief requested by Plaintiff is not necessary or appropriate for the enforcement of the internal revenue laws as required by Section 7402 of the Internal Revenue Code.

## Eighth Defense

The injunctive relief requested by Plaintiff is barred because Defendants have not engaged in "specified conduct" as defined under Section 7408 of the Internal Revenue Code (i.e. taken action which is subject to penalty under Sections 6700, 6701, 6707, or 6708 of the Internal Revenue Code or in violation of Section 330 of Title 31 of the United States Code).

## Ninth Defense

The injunctive relief requested by Plaintiff is barred because Defendants did not make any statements which Defendants knew or had reason to know were to be false or fraudulent regarding the allowance of a deduction or credit, the excludability of any income, or the securing of any other tax benefit.

## Tenth Defense

The injunctive relief requested by Plaintiff is barred because the tax credits and deductions taken were appropriate and allowed under the Internal Revenue Code.

**Eleventh Defense**

The injunctive relief requested by Plaintiff is barred because Defendants are engaged in a legitimate trade or business that has economic substance.

**<u>PRAYER FOR RELIEF</u>**

Having answered the Complaint, these Defendants pray for the following:

1.      That Plaintiff's Complaint be dismissed with prejudice;

2.      That Defendants be awarded their costs, expenses, and attorneys' fees incurred herein;

2.      For such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 22nd day of January 2016.

/s/ Donald S. Reay
Donald S. Reay
*Attorney for Defendants*
*R. Gregory Shepard and*
*Roger Freeborn*

## MAILING CERTIFICATE

I hereby certify that I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all attorneys to be noticed under this matter as follows:

**2:15-cv-00828-DN-BCW Notice has been electronically mailed to:**

*US Department of Justice, Tax Division*

Christopher R. Moran     christopher.r.moran@usdoj.gov, central.taxcivil@usdoj.gov

Erin Healy Gallagher     erin.healygallagher@usdoj.gov, central.taxcivil@usdoj.gov, russell.s.clarke@usdoj.gov

*US Department of Justice Central Civil Trial Section*

Erin R. Hines     erin.r.hines@usdoj.gov, central.taxcivil@usdoj.gov

*US Attorney's Office, Attorney for Plaintiff U.S.A.*

John K. Mangum     john.mangum@usdoj.gov , mykel.mason@usdoj.gov

*Attorneys for RaPower-3, LLC, International Automated Systems, Inc., LTB1, LLC and Neldon Johnson*

Samuel Alba     sa@scmlaw.com, intakeclerk@scmlaw.com, psh@scmlaw.com

Richard A. Van Wagoner     rav@scmlaw.com

James S. Judd     jsj@scmlaw.com

*Attorney for R. Gregory Shepard and Roger Freeborn*

Donald S. Reay     donald@reaylaw.com, donald@utahbankruptcy.pro

DATED this 26th day of January, 2016.

/s/ Donald S. Reay
Donald S. Reay