SAMUEL ALBA (0031)
RICHARD A. VAN WAGONER (4690)
JAMES S. JUDD (14693)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone: (801) 521-9000
Facsimile:  (801) 363-0400
sa@scmlaw.com
rav@scmlaw.com
jsj@scmlaw.com

*Attorneys for RaPower-3, LLC,*
*International Automated Systems, Inc.,*
*LTB1, LLC, and Neldon Johnson*

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**<br><br>Civil No. 2:15-cv-00828 DN<br>Judge David Nuffer |

Defendants RaPower-3, LLC, International Automated Systems, Inc., LTB1, LLC, and Neldon Johnson hereby submit this Opposition to Plaintiff's Motion to Strike Jury Demand, and state as follows:

## INTRODUCTION

The United States ("Plaintiff") filed its Motion to Strike Jury Demand ("Plaintiff's Motion") claiming that Defendants' Jury Demand is improper. Plaintiff argues that "a jury trial is limited to cases where legal issues rather than equitable issues are to be resolved." *See* Plaintiff's Motion at p. 2. Plaintiff's claim that they have only requested equitable relief in this matter because injunctive relief and disgorgement are solely equitable remedies. *See Id.* Plaintiff's analysis is incorrect and oversimplifies the issue of determining whether there are legal issues present in this matter.

## ARGUMENT

The Seventh Amendment of the United States Constitution provides: "Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." Plaintiff has sought an injunction against Defendants under Section 7408 of the Internal Revenue Code ("IRC"). Section 7408 of the IRC requires Plaintiff to prove that Defendants were engaging in conduct that is prohibited by Section 6700 of the IRC, which allows for the imposition of a penalty of $1,000 per violation of Section 6700 of the IRC. In order to have a violation of Section 6700 of the IRC, there must be a finding that Defendants made "false or fraudulent" statements or "gross valuation overstatements as to material matters." Plaintiff asserts in its Complaint that Defendants engaged in multiple violations of Section 6700 of the IRC.

In assessing whether the Seventh Amendment provides for a jury trial in a specific case "depends on the nature of the issue to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S, 531, 538, 90 S. Ct. 733, 24 L. Ed. 2d 729 (1970). If Plaintiff

successfully proves that Defendants violated elements of Section 6700 of the IRC, it would be entitled to seek the penalties allowable under the section. The court is required to "grant the relief [Plaintiff] is entitled, even if [Plaintiff] has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Thus, even if Plaintiff has not requested that this Court award Plaintiff damages and penalties, Plaintiff would be entitled to collect such penalties.

Penalties under Section 6700 of the IRC are not equitable remedies. Plaintiff has refrained from pleading its entitlement to any penalties under Section 6700 of the IRC in an attempt to prevent Defendants from exercising its constitutional right to a jury trial under the Seventh Amendment. Plaintiff will try to collect the penalties afforded to it under Section 6700 of the IRC in the event that Defendants are found to be in violation of the section. Clearly, there are "legal issues" to be litigated in this matter and not just equitable issues. Defendants are therefore entitled to the right to a jury trial under the Seventh Amendment of the United States Constitution.

A similar issue was addressed in the Eastern District of California in the *United States v. Hempfling,* 2007 WL 1994069 (E.D. Cal.). The plaintiff in *Hempfling* sought an injunction pursuant to Section 7408 of the IRC, and the court found that Mr. Hempfling's request for a jury demand was improper. This case differs from the circumstances surrounding the *Hempfling* case. In *Hempfling*, the United States sued Mr. Hempfling for his promotion of seminars and commercial tax products that demonstrated there were no laws requiring the filing of individual income tax returns or the payment of income taxes. The relief sought by the United States in *Hempfling* merely prohibited Mr. Hempfling from his continued promotion of fraudulent tax products. Here, Plaintiff has sought to destroy a legitimate business conducted by Defendants.

Defendants are engaged in a business the public deems important enough to incentivize such activities with tax credits. There are numerous individuals and businesses engaged in Defendants business ventures that will be affected by this Court's ruling. This case is going to involve factual questions concerning the validity of the businesses set up by Defendants, the representations made by Defendants, and the circumstances of the businesses and associated tax benefits. This is not just a case regarding one person's marketing of promotional materials regarding the unconstitutionality of the tax system.

Moreover, the court in *Hempfling* failed to consider the amount of penalties that could be collectible by the government in the event it succeeds in showing a violation of Section 6700 of the IRC. In the late 1980s, Congress clarified that each individual sale of a single interest is a separately punishable activity. The legislative history explains that "[i]n calculating the amount of the penalty," the organizing of a plan or arrangement and the sale of each interest in a plan or arrangement "constitute separate activities." *See* H.R. Rep. No. 101-247, at 829 (1989). Hypothetically, if Defendants were found to have engaged in more than 10,000 separate transactions of business interests or improper plan arrangements, Defendant could face excessive penalties in excess of $10,000,000.00. Defendant is entitled to a jury when excessive amounts of penalties and damages are at issue. These are legal issues that should be heard by a jury.

## **CONCLUSION**

This is a case that involves more than equitable issues. This case involves determining whether or not Defendants violated Section 6700 of the IRC. If such a determination is found, Plaintiff may be entitled to a substantial sum of damages. Defendants are entitled to a jury under

the Seventh Amendment of the United States Constitution.  This Court should deny Plaintiff's Motion to Strike Jury Demand.

DATED this 4th day of March, 2016.

                                        SNOW, CHRISTENSEN & MARTINEAU

                                        /s/  Samuel Alba
                                        Samuel Alba
                                        Richard A. Van Wagoner
                                        James S. Judd
                                        *Attorneys for RaPower-3, LLC,*
                                        *International Automated Systems, Inc.,*
                                        *LTB1, LLC, and Neldon Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2016, the foregoing **OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND** was electronically filed with the Clerk of the Court through the CM/ECF system, which sent notice of the electronic filing to the following:

> Erin Healy Gallagher
> Christopher R. Moran
> US Department of Justice
> Tax Division
> erin.healygallagher@usdoj.gov
> christopher.r.moran@usdoj.gov
>
> Erin R. Hines
> US Department of Justice
> Central Civil Trial Section
> erin.r.hines@usdoj.gov
>
> John K. Mangum
> US Attorney's Office
> john.mangum@usdoj.gov
> *Attorneys for Plaintiff U.S.A.*
>
> Donald S. Reay
> Miller Reay & Associates
> donald@reaylaw.com
> *Attorneys for R. Gregory Shepard
> and Roger Freeborn*

/s/  Samuel Alba

25933.1/3616036.1