JOHN W. HUBER, United States Attorney (#7226)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: john.mangum@usdoj.gov

ERIN R. HINES, *pro hac vice*
FL Bar No. 44175, erin.r.hines@usdoj.gov
CHRISTOPHER R. MORAN, *pro hac vice*
NY Bar No. 5033832, christopher.r.moran@usdoj.gov
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 353-2452

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | Civil No. 2:15-cv-00828 DN<br><br>**ATTORNEYS' PLANNING MEETING REPORT**<br><br>Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

**1.     PRELIMINARY MATTERS**:

    a.     The nature of the claims and affirmative defenses is:

<u>United States' Claims</u>

The defendants act in concert to promote a "solar energy scheme."  The United States seeks to permanently enjoin defendants pursuant to 26 U.S.C. §§ 7402 and 7408 from

1

13733304.1

organizing, promoting, and selling the "solar energy scheme." As described in the United States' complaint, the solar energy scheme purportedly offers a "disruptive and revolutionary" approach to capturing and using solar energy. The technology, purportedly invented by Neldon Johnson, uses "solar thermal lenses" on International Automated Systems, Inc.'s (IAS) "solar towers" on a parcel of land in Millard County, Utah. IAS permits RaPower-3, LLC to sell the lenses to customers who purportedly lease the lenses to LTB1, LLC. The purported purchase price for each lens is $3,500; however the customers are allowed to pay only $1,050 as a "down payment," of which conveniently only $105 is due when the customer "purchases" the lens. The remaining $945 of the down payment is due only after the customer receives their "tax refunds/savings." The remainder of the purchase prices is due after 30-35 years, with 1% interest. In effect, the defendants are using tax incentives authorized by Congress to transfer funds from the United States Treasury to themselves.

Defendants sell the lenses to customers and make false statements to their customers and the public by claiming that the purported sale and leasing of the lenses entitles their customers to substantial federal tax benefits including energy tax credits and depreciation. The defendants promote the scheme via email, the Internet, various forms of social media, and correspondence sent to customers. The promotion is based on a multi-level marketing model and involves sponsorship agreements and referral fees. Customers who choose to be sponsors recruit new customers to buy into the scheme, thereby providing more revenue to the defendants, in exchange for a commission.

The United States contends that neither the defendants, nor their customers, are engaged in a solar energy business that makes them eligible to claim tax credits or business expenses such as depreciation. Additionally, the United States contends that the transactions lack economic substance and their only purpose is to improperly reduce customers' federal tax liabilities while enriching the defendants with funds from the United States Treasury. As of the date of the complaint, the United States identified 90 of defendants' customers who claimed bogus tax benefits based on the "solar energy scheme." The United States continues to identify additional customers.

The United States contends that the defendants have made false and/or fraudulent statements regarding the "solar energy scheme" to their customers. The defendants' statements induced their customers to take positions on their federal tax returns, specifically tax credits and business deductions to which they were not entitled, which led to an improper reduction in their federal tax liabilities. The improper reduction of their tax liabilities caused harm to the United States and the taxpaying public through tax refunds wrongly issued and taxes rightfully owed that have gone uncollected. The full extent of the harm to the United States remains to be determined.

Pursuant to 26 U.S.C. § 7402, the United States also seeks disgorgement of the defendants' ill-gotten gains and to require Shepard, Johnson, and Freeborn to advise the IRS of any entity formed by them or at their direction within 30 days from the date of the entity's formation. The United States contends that these remedies are necessary to protect the United States and the taxpaying public from further harm from defendants' scheme or any related scheme that they may operate in the future.

Defendants' Claims and Defenses

The government claims that the defendant's "solar energy scheme" is not a legitimate business and lacks economic substance. The defendants deny these allegations. The defendants' business is a legitimate business with economic substance. The defendants' have invented and sell revolutionary technology that provides affordable and abundant renewable energy.

Customers of the defendant's technology may purchase a solar lens for $3,500. The initial down payment for each lens is $1,050 and a customer may elect to pay 10% of the down payment (i.e. $105) within 15 days of signing the purchase agreement. The remaining $945 of the down payment is due the following year that the purchase agreement is signed, and the customer may chose to use any tax refund or savings that may have been obtained from purchasing the lens towards the down payment owed. A customer can finance the remaining $2,450 from RaPower-3, LLC. As a condition to financing, the customer is required to pledge the purchased lens as collateral. After purchasing a lens, a customer may lease a lens to LTB1, LLC and receive $150 per year for 35 years of rental income for each lens leased to LTB1, LLC.

The defendant's business has economic substance. RaPower-3, LLC is selling a product (i.e. lenses) and making revenue; RaPower-3, LLC and a customer may enter a financing arrangement that requires the customer to pay interest and pledge collateral to secure the debt; the customers that purchase lenses make a return on their investment by means of rental income received; and LTB1, LLC makes revenue by operating the lenses that they have leased from customers. The fact that the government incentivizes alternative energy transactions by means of tax credits and deductions does not make the defendant's business a "scheme."
The United States merely contends that the defendant's business lacks economic substance because the United States is under the assumption that the defendant's are misleading their customers about the appropriateness of tax credits and deductions associated with the purchase of the lenses. Any representations made by the defendant's regarding tax implications associated with the purchase of lenses are grounded in fact and law. The defendants were provided tax advice from legal professionals regarding associated tax credits and deductions. Moreover, the defendants allow customers to view copies of the legal memoranda prepared by the legal professionals and encourage all customers to seek their own professional tax advice.

The injunctive relief requested by the United States is inappropriate because the defendants are engaged in a legitimate trade or business that has economic substance and any representations made by the defendants regarding tax implications were founded in fact and law as confirmed by the defendants' legal tax counsel.

b. Under 28 U.S.C. § 636(b)(1)(A), this case is referred to a Magistrate Judge for entry of the scheduling order and any initial pretrial scheduling conference, if needed.

c. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 10, 2016 at the law offices of Snow, Christensen & Martineau in Salt Lake City, Utah. The following attended:

<u>Erin R. Hines & Christopher R. Moran,</u>
counsel for the United States of America,

<u>Samuel Alba & James S. Judd,</u>
counsel for RaPower-3, LLC, International Automated Systems, Inc., LTB1, LLC, and Neldon Johnson

4

13733304.1

                <u>Donald Reay</u>,

                      counsel for R. Gregory Shepard and Roger Freeborn.

    d.    The do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.  An initial pretrial scheduling conference is set before Magistrate Judge Evelyn J. Furse on April 20, 2016, at 10:00 a.m.

    e.    The parties will exchange by April 22, 2016, the initial disclosures required by Rule 26(a)(1).

    f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

**2.**    **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery plan:

    a.    Discovery is necessary on the following subjects:
        1.    Any statements made by the defendants concerning "solar thermal lenses" and "solar towers" and any other related technologies which defendants have sold to members of the public and possibly leased back from their customers.
        2.    Whether the "solar thermal lenses," "solar towers," and any other related technologies sold by the defendants qualify as "energy property" as defined by 26 U.S.C. § 48 or qualify for any other federal tax deductions, credits, or benefits.
        3.    Whether the transactions involving "solar thermal lenses" and "solar towers" and entered into by the defendants and their customers have economic substance.
        4.    Gross revenues received by the defendants from their sale of "solar thermal lenses" and "solar towers" and other related technologies.
        5.    The extent to which the United States Government has been harmed by the defendants' statements concerning "solar thermal lenses" and "solar towers" and other related technologies.

    b.    Discovery Phases.
Discovery will not be conducted in phases.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    Oral Exam Depositions

            Plaintiff:  35, in addition to depositions of each party-defendant.

        Defendants: 35

        Maximum no. hrs. per deposition: 7

        The parties anticipate a need for additional depositions may arise as discovery progresses, which will be addressed either by stipulation or further court order.  Additionally, the parties anticipate that more than 7 hours may be necessary to depose certain witnesses and will resolve this issue by stipulation or further court order.

(2)    Interrogatories 35

        Admissions: 50

        Requests for production of documents: 50

        The parties anticipate a need for additional written discovery and this issue will be addressed either by stipulation or further court order.

(3)    Other discovery methods:  The parties agree that visits to the defendants' property in Delta, Utah and any other site at which the defendants conduct business related to their "solar thermal lenses" and "solar towers" will be necessary.  The defendants agree to provide access to the plaintiff and its experts upon 10 days' notice and will have a representative available to ensure all locations are accessible and provide any necessary safety equipment.  The parties may decide to an onsite deposition which will be recorded stenographically and/or by video.

d.    Discovery of electronically stored information (ESI) should be handled as follows:

        The parties have implemented appropriate litigation holds to ensure that ESI is preserved.

        The parties do not anticipate the United States producing ESI in native format.  Any documents produced by the United States will be in printed form via .pdf or .tiff images.  The parties expect that discovery of the United States will be limited to a sample review of defendants' customers' IRS examination files in hard copy format or scanned pdf format to the extent feasible.  The size of this sample is expected to be 20 customers to be jointly identified by the defendants.  After the initial sampling is complete, the parties will revisit whether additional IRS examination files of additional customers would be necessary, proportional, and/or beneficial and the parties will in good faith attempt to resolve the expansion of the sample size without intervention of the Court.  If defendants do not obtain a 26 U.S.C. § 6103 waiver for any of the customers in the customer sampling, the United States will pre-review the customer files to remove any

information that is prohibited from disclosure under 26 U.S.C. § 6103. The form to be used by the defendants in obtaining a waiver is IRS Form 8821.

After defendants have reviewed the sample examination files, the parties will consider what ESI in the United States' possession may be discoverable. At this time, the United States does not anticipate producing any ESI.

The defendants will produce ESI in its native format, with metadata, or .pdf or .tiff images depending on what is available and feasible. The parties shall negotiate in good faith as to the format of any production.

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

Any documents or records, either in electronic or printed form, that have been inadvertently produced by counsel during the pendency of this case and which a party has made a claim of privilege or protection as trial preparation material will not constitute a waiver of such privilege or protection and may not be produced as evidence without an order from the Court.

The United States intends to move for relief from the Standard Protective Order and the application of DUCivR 26-2.

    f.    Last day to file written discovery:  3/31/2017

    g.    Close of fact discovery:  6/2/2017

    h.    *(optional)* Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e):  2/24/17

**3.    AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.    The cutoff dates for filing a motion to amend pleadings are:  *specify date*

        Plaintiff: 11/4/2016    Defendant(s): 11/4/2016

    b.    The cutoff dates for filing a motion to join additional parties are:  *specify date*

        Plaintiff: 11/4/2016    Defendants(s): 11/4/2016

***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a))***.

**4.    EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

    Parties bearing burden of proof: 6/30/2017

    Response: 8/18/2017

**5.    OTHER DEADLINES**:

a. Expert Discovery cutoff:  10/6/2017

b. Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 11/10/2017.

c. Deadline for filing partial or complete motions to exclude expert testimony 11/10/2017.

6. **ADR/SETTLEMENT**:

    *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a. The potential for resolution before trial is:   ___ good    ___ fair  X  poor

    b. This case should be referred to the court's alternative dispute resolution program for   arbitration: No.    mediation: No.

    c. The parties intend to engage in private alternative dispute resolution for arbitration: No.  mediation: No.

    d. The parties will re-evaluate the case for settlement/ADR resolution on:  Not applicable.

7. **TRIAL AND PREPARATION FOR TRIAL:**

    a. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b. This case should be ready for trial by:  The parties anticipate that the case will be ready for trial by June 2018, but request the Court's guidance on Judge Nuffer's schedule.

        *Specify type of trial*:   The parties dispute whether or not the defendants are entitled to a jury trial and have briefed the issue.  See Doc. Nos. 31, 32 & 33.  A hearing on this matter is scheduled for April 27, 2016 before Magistrate Judge Wells.  Doc. No. 34.

    c. The estimated length of the trial is:  7 – 10 trial days.

---

[1] Dispositive motions, if granted, affect the final resolution of the case; nondispositive motions, if granted, affect the case but do not dispose of it.

Dated:       March 25, 2016

/s/ Erin R. Hines
ERIN R. HINES
FL Bar No. 44175
Email: erin.r.hines@usdoj.gov
Telephone: (202) 514-6619
CHRISTOPHER R. MORAN
New York Bar No. 5033832
Email: christopher.r.moran@usdoj.gov
Telephone:  (202) 307-0834
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C.  20044
FAX: (202) 514-6770
**ATTORNEYS FOR THE**
**UNITED STATES**


SNOW, CHRISTENSEN & MARTINEAU
/s/ Samuel Alba (approved by email)
Samuel Alba
Richard A. Van Wagoner
James S. Judd
**ATTORNEYS FOR RAPOWER-3, LLC,**
**INTERNATIONAL AUTOMATED**
**SYSTEMS, INC., LTB1, LLC, AND**
**NELDON JOHNSON**


MILLER, REAY & ASSOCIATES

/s/ Donald S. Reay (approved by email)
Donald S. Reay
donald@reaylaw.com
**ATTORNEY FOR R. GREGORY**
**SHEPARD AND ROGER FREEBORN**

9

## CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2016. The foregoing document was electronically filed with the Clerk of the Court through the CM/ECF system, which sent notice of the electronic filing to the following:

Samuel Alba
Richard A. VanWagoner
James S. Judd
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
sa@scmlaw.com
rav@scmlaw.com
jsj@scmlaw.com
**ATTORNEYS FOR RAPOWER-3, LLC,**
**INTERNATIONAL AUTOMATED SYSTEMS, INC.,**
**LTB1, LLC, and NELDON JOHNSON**


Donald S. Reay
MILLER, REAY & ASSOCIATES
donald@reaylaw.com
**ATTORNEY FOR R. GREGORY SHEPARD**
**AND ROGER FREEBORN**

                                                           */s/ Erin R. Hines*
                                                           ERIN R. HINES
                                                           Trial Attorney, Tax Division
                                                           U.S. Department of Justice