JOHN W. HUBER, United States Attorney (#7226)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: john.mangum@usdoj.gov

ERIN R. HINES, *pro hac vice*
FL Bar No. 44175, erin.r.hines@usdoj.gov
CHRISTOPHER R. MORAN, *pro hac vice*
NY Bar No. 5033832, christopher.r.moran@usdoj.gov
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 353-2452

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | Civil No. 2:15-cv-00828 DN<br><br>**MOTION FOR RELIEF FROM STANDARD PROTECTIVE ORDER AND DUCIVR-26-2**<br><br>Judge David Nuffer |

The United States respectfully moves the Court for an order suspending application of DUCivR 26-2(a) to this case as the United States' substantive rights are violated under the terms of the District of Utah's Standard Protective Order.

1

13786508.1

## STATEMENT OF FACTS

1. The United States filed its complaint in this case on November 23, 2015 and seeks to enjoin defendants pursuant to 26 U.S.C. §§ 7402 and 7408 from organizing, promoting, and selling the "solar energy scheme." (*See* Dkt. Nos. 1 and 35).

2. The "solar energy scheme" is based on technology purportedly invented by Neldon Johsnon. (*Id.*). The technology uses "solar thermal lenses" on International Automated Systems, Inc.'s (IAS) "solar towers" on a parcel of land in Millard County, Utah. (*Id.*). IAS permits RaPower-3, LLC to sell the lenses to customers who purportedly lease the lenses to LTB1, LLC. (*Id.*).

3. The parties contemplate that discovery in this case will include discovery on the technology, some of which may be subject to patents or otherwise information that defendants wish to designate as confidential and subject to a protective order. (*See* Dkt. No. 35, *i.e.*, Claims and Defenses, Discovery Plan).

4. During the Fed. R. Civ. P. 26(f) meeting, the parties discussed the possibility of stipulating to a modified protective order in this case; however, the parties were unable to reach an agreement and the United States indicated that it intended to file for relief from the Standard Protective Order in place in the District of Utah. (*See* Dkt. No. 35).

5. Initial disclosures are scheduled to be made on or before April 22, 2016. (*See* Dkt. Nos. 35 and 37).

6. On March 23, 2016, the United States served *subpoenas duces tecum* on third parties requesting documents that may meet the definitions for PROTECTED INFORMATION,

contained within the District of Utah's Standard Protective Order and that these third parties may wish to protect utilizing the Standard Protective Order.

7.      On April 8, 2016, the United States served defendants with requests for production of documents and interrogatories, the responses to which may also contain information and documents that the defendants may wish to designate as PROTECTED INFORMATION.

## ANALYSIS

Fed. R. Civ. P. 26(c)(1) governs the protective orders in civil cases and provides: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." The District of Utah has found that good cause exists to adopt a Standard Protective Order ("the Standard Protective Order") applicable to all civil cases within the District.[1] This rule applies in every case involving the disclosure of any information designated as confidential.[2] The Standard Protective Order defines the type of information that may be designated as confidential:

2.      Definitions

(a) The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health or medical information designated as such by the producing party.

(b) The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL – ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and

---

[1] *See* DUCivR 26-2(a).
[2] *See* DUCivR 26-2(a)(1).

>manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) information and the identity of suppliers, distributors and potential or actual customers, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm.
>
>(c) The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL [INFORMATION] – ATTORNEYS EYES ONLY" information.[3]

Based on the claims and defenses of the parties in this case,[4] subjects of discovery will include "solar energy technology" as well as financial information of the defendants. In response to discovery requests, defendants may wish to designate information as PROTECTED INFORMATION, which would impact the United States' substantive rights, as discussed below, with how the United States may use and share the information. The United States also believes that nonparties, a number of which the United States has already issued *subpoenas duces tecum* to, may wish invoke the protections of the Standard Protective Order. As such, the United States submits that this issue is ripe for review even though no documents or information designated as PROTECTED INFORMATION have been exchanged or produced.[5]

---

[3] *See* District of Utah Standard Protective Order ¶¶ 2(a) through (c).
[4] *See* Docket Nos. 1, 22, 23, 26, and 35.
[5] Additionally, with the impending initial disclosure date and with nonparty subpoenas served on March 23, 2016, the United States wishes to avoid any party or nonparty producing documents in reliance on the Standard Protective Order and having to return information for re-production or have two protective orders apply to different portions of this case.

### I. Pursuant to DUCivR 26-2(a)(2), the United States requests relief as its substantive rights are being violated by application of the Standard Protective Order.

Once information is designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the Standard Protective Order limits disclosure of such information to QUALIFIED RECIPIENTS, and also limits how the documents and information may be used both during the pendency of the proceeding and after the proceeding has concluded.[6] The limitations contained within the Standard Protective Order violate the United States' substantive rights with respect to: (1) whether employees of the Department of Justice can comply with statutory, regulatory, and ethical obligations to report violations or suspected violations of law; (2) whether the Department of Justice can share necessary information with all persons the Department of Justice deems necessary to litigate the case, including contractors and employees of the Internal Revenue Service; (3) requiring the United States to disclose the identity of an expert prior to disclosures provided for in the Fed. R. Civ. P. or unnecessarily disclose the identity of a consulting expert; and (4) whether the Department of Justice can comply with its recordkeeping requirements.

The United States submitted a proposed modified protective order to the defendants. They did not agree with the proposed order. Rather than submit the modified protective order with this Motion for the Court, the United States requests the Court suspend the application of DUCivR 26-2(a) and the Standard Protective Order and allow the parties to attempt to negotiate language that addresses both parties' concerns, assuming the parties believe that a protective order is still necessary.

---

[6] *See* District of Utah Standard Protective Order ¶¶ 5, 6, 7, and 13.

13786508.1

### a. The Standard Protective Order prohibits the Department of Justice employees from complying with obligations to report violations or suspected violations of law.

The Internal Revenue Code requires any officer or employee of the United States involved in tax administration who has knowledge or information of a violation of revenue laws to make a written report of such violation or face dismissal, fines or imprisonment.[7] Under the Standard Protective Order, employees of the Department of Justice or Internal Revenue Service would not be able to comply with their statutory obligations without violating the terms of the Standard Protective Order. Reporting violations of law also fall within the ethical obligations of federal government employees to report fraud, waste, or abuse.[8] A restraint on referral of violations of law is also contrary to policies and practices of the Department of Justice.[9] Prohibiting employees of the Department of Justice from referring violations of law consistent with their statutory, ethical, and departmental policies is a violation of the United States' substantive rights.[10] Furthermore, restraining counsel from sharing information is essentially restraining the government from enforcing the laws and has the potential to create difficult questions involving the separation of powers and justiciability.[11] It also raises an issue about

---

[7] *See* 26 U.S.C. § 7214(a)(8).
[8] *See* 5 C.F.R. § 2635.101(b)(11)
[9] *See* 71 FR 11446-02 (2006 WL 535646, Mar. 7, 2006) ("[w]here a record, either on its face or in conjunction with other information, indicates a violation or potential violation of law – criminal, civil, or regulatory in nature – the relevant records may be referred to the appropriate Federal, state, local, foreign, or tribal law enforcement authority or appropriate agency charged with responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.").
[10] *See Callister Nebeker & McCullough v. United States*, 2006 WL 1089242 (D. Utah, Mar. 18, 2016) (Pead, Magistrate Judge).
[11] *See United States v. Elsass*, 2011 WL 335957 at *5 (S.D. Ohio, Jan. 31, 2011) (King, Magistrate Judge) (rejecting a restriction that would have prevented counsel from sharing

(continued...)

13786508.1

whether restraining the Executive Branch in a tax administration matter would violate the Anti-Injunction Act.[12] Federal courts should not fashion protective orders that would hinder the government's ability to enforce the law.[13]

### b. The Standard Protective Order prohibits the Department of Justice employees from sharing information with employees of the Internal Revenue Service or contractors that assist the Department of Justice with litigation.

The Standard Protective Order prohibits the disclosure of PROTECTED INFORMATION to anyone other than a qualified recipient.[14] Qualified recipients include "[o]utside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services."[15] Under the literal terms of the Standard Protective Order, the Department of Justice would be prohibited from sharing any designated information with employees of the Internal Revenue Service, including Internal Revenue Service Office of Chief Counsel Employees, who may be assigned to the case, and whom the Department of Justice may be

---

(…continued)

information with the IRS except for use in that case, and finding that the requested order would unjustifiably restrict the ability of the government to enforce laws); *Bayer-Onyx v. United States*, 2010 WL 2925019 at *2-3 (W.D. Pa., Jul. 20, 2010) (rejecting effort to require the United States to apprise the disclosing party of any referral to law enforcement authorities).
[12] *See* 26 U.S.C. § 7421(a)
[13] *SEC v. AA Capital Partners*, 2009 WL 3735880, at *3 (E.D. Mich., Nov. 3, 2009) (Whalen, Magistrate Judge) (rejecting protective order because it "would impede the SEC's law enforcement function" by limiting its ability to "share information with [other] law enforcement agencies.").
[14] *See* District of Utah Standard Protective Order ¶¶ 5 and 6.
[15] *See* District of Utah Standard Protective Order ¶ 6(a).

required to consult prior to the settling of this case.[16] The literal terms of the Standard Protective Order also do not allow persons with managerial responsibility or contractors of the Department of Justice (which include paralegal contractors and litigation support contractors) to handle designated information. This impairs the United States' substantive rights and ability to effectively litigate this case.

      c. **The Standard Protective Order requires the parties to unnecessarily disclose consulting experts and prematurely disclose testifying experts.**

The Standard Protective Order essentially requires the parties to disclose a consulting expert or prematurely disclose a testifying expert by the nature of the definition of a TECHNICAL ADVISOR and the procedures by which a receiving party wanting to share information with the TECHNICAL ADVISOR must inform the producing party.[17] However, the Federal Rules of Civil Procedure and the Scheduling Order in this case provide for the disclosures of an expert witness, which is scheduled for June 30, 2017.[18] Further, the definition of TECHNICAL ADVISOR would include consulting experts, or those employed only for trial preparation, and require parties to disclose the existence of the consulting expert when disclosure may not otherwise ever occur and possibly subject to them to attempted discovery, which is only allowed in exceptional circumstances.[19] The United States' (and the other parties') substantive

---

[16] *See* Tax Division Settlement Manual, available at Tax Division's FOIA Library, https://www.justice.gov/tax/foia-library.
[17] *See* District of Utah Standard Protective Order ¶¶ 2(d), 3, and the attached Disclosure Agreement.
[18] *See* Fed. R. Civ. P. 26(a); Docket No. 37.
[19] *See* District of Utah Standard Protective Order ¶¶ 2(d), 3; Fed. R. Civ. P. (b)(4); *see also Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir. 1984) (finding that the rule is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation).

rights are violated by the premature disclosure of testifying experts and unnecessary disclosure of consulting experts by potentially subjecting them to unnecessarily or premature discovery requests or otherwise impairing the United States' ability or timeliness to share information with the TECHNICAL ADVISOR upon an objection by the producing party.

      **d. The Standard Protective Order does not permit the Department of Justice to comply with its recordkeeping requirements.**

The Standard Protective Order provides an obligation to destroy or return to the producing party all designated materials and documents and to certify to the producing party such destruction or return.[20] While there is language in ¶ 13(c) that suggests these provisions are not binding on the United States to the extent the provisions conflict with applicable Federal or State law, the Department of Justice is required to notify the party in writing of any conflict so the matter can be resolved by the parties or the Court.[21] The Department of Justice has recordkeeping requirements and the literal terms of the Standard Protective Order may prohibit employees from satisfying those requirements.[22] As such, the United States' substantive rights are violated by the terms of the Standard Protective Order and the United States requests relief from the Standard Protective Order by suspension of its application in this case.

## CONCLUSION

The United States' substantive rights are violated under the District of Utah's Standard Protective Order. As such, the United States respectfully requests relief from the application of DUCivR 26-2 in this case and requests that the Court suspend the application of the Standard

---

[20] *See* District of Utah Standard Protective Order ¶ 13.
[21] *See* District of Utah Standard Protective Order ¶ 13(c).
[22] *See* 44 U.S.C. § 3101, 28 C.F.R. § 0.75(j)

Protective Order and allow the parties to negotiate a Protective Order if the parties believe it is necessary. No party or nonparty has relied upon the Standard Protective Order yet in this case in producing documents or information to the United States, but deadlines for initial disclosures are April 22, 2016 and the United States issued *subpoenas duces tecum* to third parties. The United States wishes to avoid any prejudice to any party or nonparty that may produce information in reliance on the Standard Protective Order and will inform nonparties to whom it issued *subpoenas duces tecum* that the United States has filed this Motion and requested relief to avoid any nonparty producing information in reliance on the Standard Protective Order until this issue has been resolved.

Dated:        April 11, 2016

/s/ Erin R. Hines
ERIN R. HINES
FL Bar No. 44175
Email: erin.r.hines@usdoj.gov
Telephone: (202) 514-6619
CHRISTOPHER R. MORAN
New York Bar No. 5033832
Email: christopher.r.moran@usdoj.gov
Telephone:  (202) 307-0834
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Ben Franklin Station
Washington, D.C.  20044
FAX: (202) 514-6770
**ATTORNEYS FOR THE UNITED STATES**

13786508.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2016. The foregoing document was electronically filed with the Clerk of the Court through the CM/ECF system, which sent notice of the electronic filing to the following:


Samuel Alba
Rodney R. Parker
Richard A. VanWagoner
James S. Judd
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
sa@scmlaw.com
rrp@scmlaw.com
rav@scmlaw.com
jsj@scmlaw.com
**ATTORNEYS FOR RAPOWER-3, LLC,**
**INTERNATIONAL AUTOMATED SYSTEMS, INC.,**
**LTB1, LLC, and NELDON JOHNSON**


Donald S. Reay
MILLER, REAY & ASSOCIATES
donald@reaylaw.com
**ATTORNEY FOR R. GREGORY SHEPARD**
**AND ROGER FREEBORN**