IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>v.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., et al.,<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE JURY DEMAND<br><br>Case No. 2:15-cv-828 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Pending before the Court is the United States' Motion to Strike Jury Demand.[1] The court heard argument on Plaintiff's motion on April 27, 2016.[2] Having heard argument and after considering the parties' memoranda the court GRANTS the motion as set forth below.

The United States filed this action against Defendants seeking an injunction under 26 U.S.C. §§ 7402 and 7408 enjoining Defendants from "promoting the abusive solar energy scheme described in the United States' complaint and ordering that [Defendants] disgorge all gross receipts they received from any source as a result of [their scheme]."[3] Plaintiff argues that because equitable remedies are sought there is no right to a jury trial.[4] Defendants object citing to the Seventh Amendment right to a jury trial and arguing that penalties under 26 U.S.C. § 6700 of the Internal Revenue Code are not equitable remedies.

The Seventh Amendment right to a jury trial exists in "'suits in which legal rights . . . [are] ascertained and determined, in contradistinction to those where equitable rights alone . . .

---

[1] Docket no. 31.

[2] Docket no. 42.

[3] Mtn. p. 2, docket no. 31; Complaint ¶¶ 1 and 2, docket no. 2.

[4] Mtn p. 2.

[are] recognized, and equitable remedies . . . [are] administered.'"[5] The right to a jury trial may also apply to actions created by statue.[6] Analysis of a right to jury trial entails two steps. First, an action is compared with those existing before the merger of the courts of law and equity. Then, the court examines whether the remedy sought is legal or equitable in nature.[7] The second step is "more important that the first"[8] and that is where the court focuses its analysis.

In addition, money damages are not necessarily "legal relief."[9] Damages may be equitable if restitutionary in nature, i.e. they restore the status quo and return the amounts rightfully belonging to another.[10] For example, backpay liability from an employer under Title VII is usually restitutionary in nature.[11] "[A] monetary award 'incidental to or intertwined with injunctive relief' may be equitable."[12]

Here, the sticking point is the possibility of penalties. At oral argument, Defense counsel represented that they would waive their right to a jury trial if the Government would stipulate to not seeking penalties. The Government declined to do so. The problem, however, is penalties are only a possibility and not a certainty in this case. As such, the court believes that based upon the Complaint and current state of the case, the Seventh Amendment right to a jury trial is not implicated. The relief sought here is equitable in nature. However, "'[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with

---

[5] *Granfinanciera v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 4737 (1830)).

[6] *Tull v. United States*, 481 U.S. 412, 417 (1987).

[7] *Id*. 417-18.

[8] *Granfinanciera*, 492 U.S. at 42.

[9] *Chauffeurs, Teamsters and Helpers, Local 391 v. Terry*, 494 U.S. 558, 570 (1990).

[10] *Tull*, 481 U.S. at 424.

[11] *Terry*, 494 U.S. at 572

[12] *Id.* at 571 (quoting *Tull*, 481 U.S. at 424)).

the utmost care."[13]  Based upon this timeless principle in our jurisprudence the court will allow Defendants to make a motion for a jury trial if penalties become part of this case.

Accordingly, Plaintiff's motion is GRANTED.


DATED this 2 May 2016.

*(signature)*

Brooke C. Wells
United States Magistrate Judge

---

[13] *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935).