IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> RAPOWER-3 LLC, INTERNATINAL AUTOMATED SYSTEMS, INC., et al., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR RELIEF FORM STANDARD PROTECTIVE ORDER <br><br> Case No. 2:15-cv-828 DN <br><br> District Judge David Nuffer <br><br> Magistrate Judge Brooke Wells |

The United States seeks an "order suspending application of DUCivR 26-2(a) to this case [asserting] the United States' substantive rights are violated under the terms of [this District's] Standard Protective Order."[1] Following oral argument on the motion the court left pending the other motions deciding that it was best to resolve the dispute over the protective order first. After considering the parties' arguments and relevant case law, the court is persuaded to follow the same approach Magistrate Judge Pead followed in a case from this district *Callister v. United States of America*.[2] The court therefore will grant the United States' motion and stay this case for a period of time.[3]

## BACKGROUND

The United States filed its complaint in November 2015 and seeks to enjoin Defendants from promoting and selling their solar energy products.[4] The parties "contemplate that discovery in this case will include discovery on the technology, some of which may be subject to patents or

---

[1] Mtn. p. 1, docket no. 39.

[2] 2016 WL 1089242 (D.Utah March 18, 2016).

[3] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). *See* docket no. 13.

[4] The United States refers to Defendants' "solar energy scheme" in its briefing. The court chooses to use the term solar energy products rather than solar energy scheme.

otherwise information that Defendants wish to designate as confidential and subject to a protective order."[5]  Defendants express concern that without a protective order their "proprietary information will be put at risk."[6]

The current protective order in this case is the District of Utah's Standard Protective Order.  As set forth in Local Rule 26-2, the District of Utah concluded that good cause existed in civil cases to justify the automatic entry of a Standard Protective Order to avoid unnecessary delays in civil litigation discovery.[7]  These delays often arose from disputes between the parties regarding the production and protection of sensitive discovery that was being requested prior to the entry of a stipulated protective order.  To help "secure the just, speedy and inexpensive determination of every action"[8] the district adopted this rule entering a Standard Protective Order.  The parties did not negotiate the entry of the Standard Protective order as it is axiomatic and they have failed to reach a compromise regarding certain terms contained within the Standard Protective Order.  The Government seeks an order suspending the application of Local Rule 26-2 and the Standard Protective Order.

## **ANALYSIS**

This district's Standard Protective Order has what may be termed a relief clause or safety valve.  Subsection 2 provides that "[a]ny party or person who believes that substantive rights are being impacted by application of the rule may immediately seek relief."[9]  Here, the Government asserts that its substantive rights are violated under the terms of the Standard Protective Order.

---

[5] Mtn. p. 2, docket no. 39.

[6] Op. p. 2, docket no. 41.

[7] *See* DUCivR. 26-2 (2016).

[8] *Id.* 26-2(a).  Although not cited to in the Local Rule, this phrase is directly from Rule 1 of the Federal Rules of Civil Procedure and this underlying goal helps define the application and interpretation of the Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1 (2016).

[9] DUCivR 26-2(2).

No documents or information designated as "Protected Information" under the Protective Order have been exchanged or produced.[10] But, the Government argues that nonparties to this action who are and will be receiving subpoenas may use the terms of the Standard Protective Order so this issue is ripe for disposition. In addition the Government points to its statutory obligations to report violations or suspected violations of the law to other Government agencies. For example, the Internal Revenue Code requires an office or employee of the United States involved in tax administration who has knowledge or information regarding a violation to make a written report or face discipline including possible imprisonment.[11] In addition, the Department of Justice's policies and practices also encourage and require the sharing of information concerning violations of law. The Standard Protective Order prohibits these types of disclosures. Finally, the Government also argues that it may not be able to comply with its record keeping requirements given the restrictions in the Standard Protective Order.

      Defendants oppose the suspension of the Standard Protective Order for a few reasons. First, they argue that this issue is not ripe for determination and by ruling on the Government's motion the court is essentially issuing an advisory opinion. Next, the Defendants argue they would be substantially prejudiced if the Standard Protective Order is suspended. "Defendants have an interest to keep their technology, practices, and procedures confidential."[12] And the Standard Protective Order provides those protections. Defendants further assert that the Government is simply engaging in a fishing expedition, has failed to show "good cause" to remove the Standard Protective Order and the better approach is to require the Government to seek relief each time it needs to share information with another agency.

---

[10] *See* Mtn. p. 4.

[11] *See* 26 U.S. C. § 7214(a)(8).

[12] Op. p. 4.

Protective orders serve the vital function of "secur[ing] the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant."[13]   In *S.E.C. v. Merrill Scott & Associates, Ltd.* the Tenth Circuit stated that "courts should be wary of retroactive attempts to modify [protective orders] in ways that undermine the justified reliance of" parties upon them.[14]  Based upon this admonition it is wise for a party to address a challenge to a protective order as soon as practical.  Here, there is some persuasiveness to Defendants argument that this issue is not fully ripe for determination because no need to share information from discovery has arisen.  But it is not quite that simple.  If the Government waited too long to challenge the Protective Order nonparties and Defendants would be more likely to have already relied upon the provisions of the Standard Protective Order.  This would make changing or suspending it more difficult under common sense principles of estoppel and fundamental fairness.  Based upon the Tenth Circuit's admonition and the likelihood of additional problems arising by postponing a challenge, the court finds the better course of action is to allow the Government to raise a challenge to the Standard Protective Order earlier rather than later.  In addition, this is not a situation where the parties had actively negotiated the terms of a protective order, which may weigh against allowing a party to challenge a protective order.[15]  Thus, the Government timely sought relief from the Standard Protective Order and the court will allow the challenge.

---

[13] *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2nd Cir. 1979) (quotation and citation omitted)).

[14] *Id*.

[15] *See, e.g., Brigham Young Univ. v. Pfizer, Inc.*, 281 F.R.D. 507, 510 (D.Utah 2012) (noting the good cause standard to warrant a change to a protective order); *Merrill*, 600 F.3d 1262, 1273 (suggesting that a law-enforcement interest is insufficient to retroactively modify a protective order); *see also, U.S. S.E.C. v. AA Capital Partners, Inc.*, No. 06-51049, 2009 WL 3735880, at *3 (E.D. Mich. Nov. 3, 2009) (finding that absent a showing of good cause, the moving party was not entitled to a protective order that prohibited the Securities and Exchange Commission from sharing civil discovery materials with law enforcement); *United States v. Elsass*, No. 10-CV-336, 2011 WL 335957, at *5 (S.D. Ohio Jan. 31, 2011) ("Indeed, as the United States points out, the issuance of a protective order as

Next, the court is not persuaded that Defendants will be prejudiced by suspending the application of the Standard Protective Order. The parties may still negotiate a workable solution. The United States is not a competitor to Defendants nor is there any evidence before the court that the Government seeks to share any confidential information with Defendants' competitors. The court therefore finds any prejudice to be minimal and outweighed by the Government's need to comply with statutory obligations.

Finally, the court finds Defendants remaining arguments unpersuasive. There is no evidence that the Government is on a fishing expedition and requiring the Government to bring a request every time it seeks to share information with another Governmental agency is burdensome to both the court and the parties. Moreover, the court is not convinced that it need adopt Defendants' version of the good cause standard in a case involving a request for relief from the Standard Protective Order rather than entry of an initial protective order.

Based upon the foregoing the court finds good cause to grant the Government's motion and suspend the applicability of the Standard Protective Order in this case.[16] The court now leaves it up to the parties to agree upon a workable solution so that an amended protective order may be entered in this case. To help facilitate the parties the court will stay this matter and all deadlines for 45 days so the parties may negotiate a solution.

## ORDER

It is hereby ordered that Plaintiff's Motion for Relief form Standard Protective Order is GRANTED.

---

requested by Defendants would be unprecedented, would restrict to an unwarranted degree the ability of the Government to enforce the laws and would improperly shift to the Government the burden in connection with the issuance of a protective order.").

[16] *See Callister Nebeker & McCullough v. United States*, 2016 WL 1089242 (D.Utah March 18, 2016).

The court SUSPENDS the application of the District of Utah Civil Rule 26-2 for this case.

This case is HEREBY STAYED for forty five (45) days to allow the parties to negotiate a new protective order. The parties are ORDERED to inform the court of the status of these negotiations and provide the court with any proposed protective order if they are not able to reach agreement within thirty (30) days from the date of this order.

IT IS FURTHER ORDERED within thirty (30) days from the date of this order that the parties are to update the court regarding the status of the pending motions that depend upon the application of a protective order.

IT IS SO ORDERED.

DATED this 20 September 2016.

_____
Brooke C. Wells
United States Magistrate Judge