# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [173] MOTION TO STRIKE**<br><br>Case No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

Defendants move to strike certain portions of the complaint.[1] They argue that as a result of a recent order[2] much of the complaint is now immaterial, impertinent, or scandalous. Defendants answered the complaint on January 21, 2016.[3] The United States opposes the motion on numerous grounds.[4] Defendants reply in support.[5]

Defendants' Motion is untimely. The Motion is DENIED.

## DISCUSSION

**The Motion is untimely.**

Federal Rule of Civil Procedure 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own;

---

[1] Defendants' 12(f) Motion to Strike Immaterial, Impertinent, or Scandalous Allegations in Pleadings (Motion), docket no. 173, filed May 26, 2017.

[2] Order Denying the [90] and [94] Motions to Bifurcate (Order), docket no. 158, entered April 21, 2017.

[3] Answer, docket no. 22, filed January 21, 2016.

[4] United States' Brief in Opposition to Defendants' Motion to Strike, docket no. 184, filed June 8, 2017.

[5] Defendants' Reply in Support of 12(f) Motion to Strike Immaterial, Impertinent, or Scandalous Allegations in Pleadings [Doc. 173] (Reply), docket no. 198, filed June 23, 2017; Defendants R. Gregory Shepard and Roger Freeborn Joinder to Defendants' Reply Re Motion to Strike [173], docket no. 199, filed June 23, 2017.

or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

When defendants filed the Motion, their answer had been on the docket for sixteen months. This motion to strike is filed far too late.

And the court will not strike portions of the complaint sua sponte. Defendants wrest one sentence from the Order to support their theory that any reference in the complaint to their technology is immaterial, impertinent, or scandalous.[6] Specifically, the Order stated that "the technology's viability might be a 'material matter' about which the defendants made certain representations. But the viability of the technology would not determine any of the counts."[7] Therefore, bifurcation was denied. Defendants fail to see that the allegations about the technology may be material to the claims in the complaint even though separate trial on viability of the technology was not merited.

Therefore, the allegations of the complaint relating to Defendants' technology will not be stricken.

## ORDER

IT IS HEREBY ORDERED that Defendants' 12(f) Motion to Strike Immaterial, Impertinent, or Scandalous Allegations in Pleadings[8] is DENIED.

Signed June 27, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[6] Motion at 3–4. Though Defendants initially quoted the whole paragraph, which of course gives necessary context, in the Reply they pare it down to a single sentence. Reply at 2.

[7] Order at 5.

[8] Docket no. 173, filed May 26, 2017.