IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO THE MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 2:15-cv-00828 DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Neldon Johnson's, International Automated Systems, Inc.'s, RaPower-3, LLC's, and LTB1, LLC's (collectively, "Defendants") Objection[1] to Magistrate Judge Furse's Order Granting the United States' Expedited Motion for Sanctions ("October 25 Order")[2] is resolved in this order. For the reasons that follow, the Objection is overruled and the October 25 Order is affirmed.

## I.     Background for Defendants' Objection

On August 17, 2017, the United States filed a motion to compel Defendants to produce five categories of documents and information.[3] Defendants did not file a brief in opposition to

---

[1] Defendant's Objection to Order Granting United States' Expedited Motion for Sanctions and Request for Expedited Treatment ("Objection"), docket no. 238, filed November 1, 2017.

[2] Docket no. 235, filed October 25, 2017.

[3] United States' Expedited Motion to Compel [Defendants] to Produce Documents ("Motion to Compel"), docket no. 210, filed August 17, 2017.

the Motion to Compel.[4] At a hearing on August 31, 2017, Magistrate Judge Furse granted the Motion to Compel and ordered Defendants to produce all documents and information by September 28, 2017.[5] Defendants produced (or explained the non-existence of) two categories of documents.[6] But they did not produce three categories of documents and information by the September 28 deadline:

- The computer program, or data extracted from it, that (among other things) purportedly tracks solar lens customer names and sales, serial numbers of lenses, and the location of any customer's lens;

- All RaPower-3 solar lens purchase agreements with customers since 2010; and

- The solar lens purchase contract between SOLCO I and a "company back East" with a down-payment of $1 million.[7]

On October 11, 2017, the United States filed the Motion for Sanctions under Fed. R. Civ. P. 37(b)(2)(A) and (C) against Defendants for their failure to produce. The relief the United States sought included an order 1) requiring Defendants to allow the United States and its contractors to enter onto their property to obtain copies of the information and documents Defendants were ordered to produce; 2) requiring Defendants to pay the United States' costs for enforcing this Court's order; and 3) warning Defendants of possible future sanctions including contempt of court and terminating sanctions.[8] Defendants opposed the Motion for Sanctions,

---

[4] *See generally* Docket.

[5] Minute Entry for proceedings held before Magistrate Judge Evelyn J. Furse, docket no. 217, entered August 29, 2017. The Magistrate Judge's full order, Order Granting United States' Expedited Motion to Compel Defendants to Produce Documents, was entered on the docket no, 218, filed September 13, 2017.

[6] Motion for Sanctions and Memorandum in Support ("Motion for Sanctions"), docket no. 226, at 2 n.1, filed October 11, 2017.

[7] October 25 Order, at ¶ 1.

[8] Motion for Sanctions at 2.

2

arguing that they had: 1) satisfied the first category by "producing a 190-page document containing the names of all lens purchasers and the serial number of each lens," and 2) did not produce the remaining two categories of documents because they were disproportionate to the needs of the case and not relevant.[9]

After a hearing, Magistrate Judge Furse granted the United States' Motion for Sanctions, finding that sanctions were "necessary to ensure compliance with [her order on the motion to compel] given Defendants' continued obstruction of discovery."[10] The October 25 Order requires Defendants to produce the three categories of documents and information identified above under specific conditions which include: a required meet-and-confer between counsel for the United States and counsel for Defendants regarding the database at issue in the first category and the quantity of paper (if any) in the second category; counsel for the United States may enter onto Defendants' property to obtain a copy of the documents ordered to be produced, along with vendors to support collection; Defendants shall make a "knowledgeable person" available to assist counsel for the United States and a vendor to understand and navigate the database; and the United States may "bring a videographer to record the proceedings during the visit . . . to document Defendants' compliance with this Order."[11] The October 25 Order also required Defendants to pay the United States' fees and costs in enforcing the September 13 order compelling Defendants to produce.[12] The Magistrate Judge also warned Defendants that "**continued failure to obey this Court's orders puts them in jeopardy of** being held in

---

[9] Defendants' Response to Plaintiff's Motion for Sanctions, docket no. 231, at 2-4, filed October 20, 2017.

[10] October 25 Order at ¶ 2.

[11] October 25 Order at ¶¶ 3-10.

[12] October 25 Order at ¶ 11.

contempt of court and **orders** imposing other sanctions including **striking all or part of their Answer and rendering a default judgment against them**. See Fed. R. Civ. P. (b)(2)(A)(iii), (vi)."[13]

Defendants objected to Magistrate Judge Furse's October 25 Order for four reasons.[14] First, Defendants argue that the October 25 Order will cause Defendants to make an "unlawful disclosure" of their customers' "private, protected information" in the database.[15] According to Defendants, this will "violate[] numerous personal rights and constitutional protections" of their customers, including a violation of the Fourth Amendment prohibition on unreasonable searches and seizures because the United States will use the customers' information from the database to audit customers' tax returns.[16] Second, Defendants argue that the presence of a videographer is an "expense and intrusion" that is disproportionate to Defendants' discovery obligations.[17] Third, Defendants claim that the information in their database "does not advance any issue in this dispute."[18] Fourth, Defendants argue that until "there is a judicial determination" that the tax benefits Defendants promoted (a depreciation deduction for solar lenses and solar energy tax credits) are unlawful, "the information obtained by the government in this case should not be used for enforcement purposes and the Protective Order entered in this case should be clarified to

---

[13] October 25 Order at ¶ 12 (emphasis in original).

[14] Objection.

[15] *Id.* at 1-3.

[16] *Id.* at 1-3.

[17] *Id.* at 4.

[18] *Id.* at 4.

prohibit the government's use of confidential information outside of the parameters of this case."[19]

## II. Standard of Review

When reviewing orders of a magistrate judge resolving non-dispositive pretrial matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[20] The October 25 Order is a non-dispositive discovery order because it does not resolve any claim or defense in this case.[21]

## III. Discussion

Defendants contest only two features of the October 25 Order: 1) the requirement to produce customer information (whether through the database or through actual contracts) to the United States, and 2) the presence of the videographer to record the collection of data and documents. The record on these issues is clear: these terms of the October 25 Order are not clearly erroneous or contrary to law. Moreover, Defendants cite no legal authority to support their Objection.

The United States' Motion to Compel showed that the documents and information at issue are relevant, responsive to the United States' discovery requests, and within Defendants' possession, custody, or control.[22] Defendants had the opportunity to file a brief in opposition to the Motion to Compel, which they did not do. That was the time to raise arguments regarding

---

[19] *Id.* at 4-5.

[20] Fed. R. Civ. P. 72(a).

[21] *See Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

[22] Docket no. 210, filed August 17, 2017.

relevance, customer privacy, and proportionality. Defendants did present oral argument at a hearing before Magistrate Judge Furse, in which, she ordered Defendants to produce the documents and information.[23] Defendants did not object to Magistrate Judge Furse's order compelling them to produce. However, they failed to obey it with respect to the three categories of documents and information at issue.

When a party fails to obey a discovery order, Fed. R. Civ. P. 37(b)(2)(A) allows the court to "issue further just orders" to enforce compliance. The sanction for a party's violation of a discovery order must be "both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'"[24] Here, the order to make available to the United States information relevant to its claims in this case is both just and related to the underlying problem that inspired the motion in the first place. Because Defendants did not voluntarily and timely produce this relevant information that is responsive to the United States' discovery requests as was ordered by Magistrate Judge Furse, it is appropriate to allow counsel for the United States to go get it.[25]

The portion of the October 25 Order allowing the United States to bring a videographer to record collection of data and documents is also a just and fitting response to Defendants'

---

[23] Order Granting United States' Expedited Motion to Compel Defendants to Produce Documents, Docket no. 218, filed September 13, 2017.

[24] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)); *accord Osborn v. Brown*, No. 2:12-CV-00775-TC-EJF, 2014 WL 12526269, at *3 (D. Utah Feb. 25, 2014) (issuing an order which, though not explicitly enumerated in Fed. R. Civ. P. 37(b), was "just," "related to the particular 'claim' at issue," and "calculated to result in compliance with discovery obligations") (Furse, M.J.).

[25] *See* Fed. R. Civ. P. 37(b)(2)(A) (if a party fails to follow a discovery order, a court may issue "further just orders").

conduct to date.[26] Defendants, to date, have failed to produce the requested information and have failed to comply with court orders. Recording the collection activity with video and audio will promote safe and complete enforcement of the October 25 Order while counsel for the United States, and its vendors, are on Defendants' property.

The fee provision in the October 25 Order is also consistent with the law. When a party fails to obey a discovery order, a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure."[27] Defendant Neldon Johnson admitted, under penalty of perjury, to having the information and documents this Court ordered him to produce.[28] Defendants have not produced the information and documents. The United States has incurred costs to enforce the order compelling production, and will incur additional costs to collect data and documents because Defendants cannot be trusted to voluntarily produce them. Magistrate Judge Furse's order awarding the United States its reasonable costs for enforcement is entirely consistent with Fed. R. Civ. P. 37(b)(2)(C).

## IV. Conclusion and Order

Magistrate Judge Furse issued an order for sanctions under Rule 37 that is just and appropriate to correct Defendants' failure to obey an order to produce relevant and responsive documents in their possession, custody, or control.

---

[26] Although the United States did not make the videographer a feature of its brief or oral argument, the United States' proposed order granting its motion for sanctions contained this term. Defendants received the United States' proposed order when the United States sent the proposed order to the Magistrate Judge. They were on notice that the videography term may be included in the ultimate order granting the motion.

[27] Fed. R. Civ. P. 37(b)(2)(C) (fee award is warranted "unless the failure was substantially justified or other circumstances make an award of expenses unjust," which is not the case here).

[28] Motion to Compel at 3.

7

IT IS HEREBY ORDERED that Defendants' Objection is OVERRULED and Magistrate Judge Furse's Decision is AFFIRMED.

Dated January 24, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge