IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [251] MOTION FOR PARTIAL SUMMARY JUDGMENT AND [252] MOTION TO FREEZE ASSETS AND APPOINT RECIEVER**<br><br>Case No.2-15-cv-00828-DN<br><br>District Judge David Nuffer |

  The United States alleges that Defendants violated 26 U.S.C. §§ 7408 and 7402(a) and requests a permanent injunction and other equitable relief.[1] The United States moved for partial summary judgement on claims 7 through 11 of the Complaint.[2] Defendants responded in opposition.[3] The United States replied.[4] The United States also moved to freeze assets and appoint a receiver.[5] Defendants responded in opposition.[6] The United States replied.[7]

---

[1] Complaint, docket no. 2, filed November 23, 2015.

[2] United States' Motion for Partial Summary Judgment, docket no. 251, filed November 17, 2017.

[3] Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment ("Opposition"), docket no. 265, filed December 17, 2017.

[4] United States' Reply in Support of its Motion for Partial Summary Judgment ("Reply"), docket no. 277, filed January 12, 2018.

[5] Motion to Freeze the Assets of Defendants and Appoint a Receiver, docket no. 252, filed November 17, 2017.

[6] Opposition to United States' Motion to Freeze the Assets of Defendants and Appoint a Receiver, docket no. 268, filed December 17, 2017.

[7] United States' Reply in Support of its Motion to Freeze Assets of Defendants and Appoint a Receiver, docket no. 278, filed January 12, 2018.

**STANDARD OF REVIEW**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[9] In determining whether there is a genuine dispute as to a material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[10]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[11]

**DISCUSSION**

There are disputed material facts in the Motion for Partial Summary Judgment. Principal among them are those relating to Defendants' statements to RaPower customers about the availability of certain tax benefits, including a depreciation deduction and a solar energy credit.

Claims 7 through 11 of the Complaint allege that Defendants violated 26 U.S.C. § 7408. Section 7408 "authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6700 if injunctive relief is appropriate to prevent recurrence of that conduct or any other activity subject to penalty under the Internal Revenue Code."[12] Section 6700 penalizes "a person who 1) organizes or sells any plan or arrangement involving taxes and 2) makes or furnishes, or causes another to make or furnish, a statement connecting the

---

[8] Fed. R. Civ. P. 56(a).

[9] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[10] *Id.*

[11] *Id.* at 670-71.

[12] Motion for Partial Summary Judgment at 53, citing 26 U.S.C. § 7408(a).

2

allowability of a tax benefit with participating in the plan or arrangement, which statement the person knows or has reason to know is false or fraudulent as to any material matter."[13]

Central issues presented by the United States' allegations are;

- whether statements Defendants made, concerning the allowability of a depreciation deduction and a solar energy tax credit to RaPower customers while promoting the solar lenses, were false or fraudulent;
- whether Defendants knew or had reason to know such statements were false or fraudulent; and
- whether RaPower customers were in a trade or business related to leasing solar lenses or were holding the lenses for the production of income.[14]

Disputed material facts exist on these issues. The United States contends that Defendants knew that RaPower customers were not in a trade or business, making Defendants' statements false or fraudulent.[15] The United States supports its contention with the following allegations (1) the business failed to earn income; (2) customers did not control the business rather it stayed with the promoter; (3) contract documents were illusory; and (4) the promoter encouraged customers to buy into the plan by heavily emphasizing a reduction or the elimination of tax liability.[16] In opposition, Defendants argue that their statements were not false or fraudulent, and even if they were, the Defendants "had the understanding and justified belief" that the tax benefits were lawfully allowed to RaPower customers based on the legal advice Defendants obtained and relied on.[17] These factual disputes are not resolvable on a motion for summary judgment. A rational trier of fact could decide these issues either way on the evidence presented on this motion.

---

[13] *Id.* at 54, citing 26 U.S.C. § 6700(a)(2)(A).

[14] *Id.* at 58.

[15] *Id.* at 60.

[16] *Id.* at 60.

[17] Opposition at 1-2.

3

**Motion to Freeze the Assets of Defendants and Appoint a Receiver**

The United States, in the Motion to Freeze the Assets of Defendants and Appoint a Receiver, requests a freeze of "the assets of Defendants Neldon Johnson, RaPower-3, and IAS to preserve the *status quo*, and [to] appoint a receiver to take custody of these defendants' assets to ensure that Defendants will have the funds to pay any disgorgement this Court may award."[18]

To be receive this relief on this motion, the United States must show that it is likely to prevail on the merits. The "United State[s] did not include a separate statement of material facts in [the Motion to Freeze Assets and Appoint Receiver] but instead relied upon the facts enumerated in its [M]otion for [P]artial [S]ummary [J]udgment."[19] The Motion for Partial Summary Judgment relies on disputed material facts as to Defendants' knowledge at the time they made certain statements. Since the Motion for Partial Summary Judgment is DENIED, the Motion to Freeze Assets and Appoint Receiver is also DENIED at this time.

**ORDER**

IT IS HEREBY ORDERED that the Motion for Partial Summary Judgment[20] is DENIED. It is also ORDERED that the Motion to Appoint Receiver and Freeze Assets[21] is also DENIED without prejudice to later application for that relief.

Dated March 2, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[18] Docket no. 252, at 5, filed November 17, 2017 (emphasis in original).

[19] Reply at 7, footnote 26.

[20] Docket no. 251, filed November 17, 2017.

[21] Docket no. 252, filed November 17, 2017.