IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO REINSTATE TRIAL BY JURY**<br><br>Case No. 2-15-cv-00828-DN<br><br>District Judge David Nuffer |

On January 25, 2016, Defendants filed a Jury Demand.[1] In response, the United States filed a Motion to Strike Jury Demand.[2] Defendants responded in opposition.[3] The United States replied.[4] On April 27, 2016, Magistrate Judge Wells heard from counsel and took under advisement the Motion to Strike Jury Demand.[5] On May 2, 2016, Magistrate Judge Wells granted the Motion to Strike Jury Demand stating that the relief the United States is seeking is "equitable in nature," therefore the "Seventh Amendment right to a jury trial is not implicated."[6] However, Magistrate Judge Wells stated that "the court will allow Defendants to make a motion for a jury trial if penalties become part of this case."[7]

---

[1] Docket no. 24, filed January 25, 2016.

[2] Docket no. 31, filed February 2, 2016.

[3] Docket no. 32, filed March 4, 2016.

[4] Docket no. 33, filed March 18, 2016.

[5] Minute Order Motion Hearing, docket no. 42, filed April 27, 2016.

[6] Memorandum Decision and Order Granting Motion to Strike Jury Demand, docket no. 43, at 2, filed May 2, 2016.

[7] *Id*. at 3.

Defendants moved to reinstate a trial by jury on February 9, 2018.[8] The United States opposes this Motion.[9] The parties' memoranda have been carefully reviewed. For the reasons set forth below, Defendants' Motion is DENIED.

**TIMELINESS**

The Motion is untimely. On April 6, 2016, a 10-day bench trial was set for April 16, 2018. The amended scheduling order filed on July 6, 2017 set the motions deadline as November 17, 2017.[10] After input of counsel, on January 25, 2018, the schedule was amended only to split the dates of trial and move the first day of trial up two weeks to April 2, 2018.[11] Split trial dates, not in consecutive order, make a jury trial difficult.

Defendants' Motion relies heavily on *Kokesh v. S.E.C.*[12] to argue that Defendants are entitled to a trial by jury.[13] *Kokesh* was decided in June 2017, over five months before the motions cut-off date. Defendants had ample time to file a timely motion. But Defendants did not file the Motion until February 9, 2018. The Motion was filed over two months after the motions cutoff date; two weeks after the amended scheduling order rescheduling and splitting the trial dates; and less than two months before trial begins on April 2nd. The untimeliness of the Motion by itself warrants denial; however, other arguments will be addressed.

---

[8] Defendants' Motion to Reinstate Trial by Jury ("Motion"), docket no, 289, filed February 9, 2018.

[9] United States' Brief in Opposition to Defendants' Motion to Reinstate Trial by Jury ("Opposition"), docket no. 309, filed February 26, 2018.

[10] Docket no. 205, filed July 6, 2017.

[11] Docket no. 284, filed January 25, 2018, "Dates of 10 Day Bench Trial: April 2, 3, 4, 5, 19, 20, 23, 24; May 9; and June 4." The schedule was amended one additional time setting "Dates of 10 Day Bench Trial: April 2, 3, 4, 5, 19, 20, 23, 24, 25, 26; and if necessary May 9; and June 4," docket no. 287, filed February 5, 2018.

[12] *Kokesh v. S.E.C.*, 137 S.Ct. 1635 (2017).

[13] Motion at 2-9.

**DISGORGEMENT IS EQUITABLE AND NOT A SUBJECT FOR JURY DECISION**

The United States requests "disgorgement, in the nature of restitution, of Defendants' gross receipts from their fraudulent conduct."[14] Defendants argue that this type of disgorgement is a penalty and therefore Defendants are entitled to a jury.[15] Contrary to Defendants' argument, disgorgement is equitable and is not tried by a jury.

The test for determining whether a party has a right to a trial by jury is whether the "action involves rights and remedies of the sort traditionally enforced in action at law, rather than in action in equity or admiralty"[16]. The Ninth Circuit, in *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, stated "[a] claim for disgorgement of profits…is equitable, not legal."[17] "[T]he current law recognizes that actions for disgorgement of improper profits are equitable in nature."[18] Also, the Second Circuit found that "[a] historic equitable remedy was the grant of restitution 'by which defendant is made to disgorge ill-gotten gains or to restore the status quo, or to accomplish both objectives.'"[19] The Second Circuit held there is no right to jury trial in a case seeking "disgorgement of profits in an action brought by the SEC to enjoin violations of the securities laws [because]…the court is not awarding damages to which plaintiff is legally entitled but is exercising…discretion to prevent unjust enrichment."[20] District courts hold bench trials

---

[14] Opposition at 3.

[15] Motion at 3.

[16] *Securities and Exchange Commission v. Commonwealth*, 574 F.2d 90, 95 (2d Cir. 1978) (quoting *Pernell v. Southall Realty*, 94 S.Ct. 1723, 1729 (1974)).

[17] *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc*., 778 F.3d 1059, 1075 (9th Cir. 2015).

[18] *Id*.

[19] *Securities and Exchange Commission v. Commonwealth*, 574 F.2d at 95 (2d Cir. 1978) (quoting 5 Federal Practice p 38.24(2) at 190.5 (1977)).

[20] *Id*.

where the government seeks injunctive relief pursuant to 26 U.S.C. §7408 and injunctive relief and disgorgement of profits pursuant to 26 U.S.C. §7402.[21]

The United States is seeking an order requiring all Defendants to disgorge "the gross receipts that they received from any source as a result of the solar energy scheme…"[22] The United States contends that the disgorgement they are requesting will compensate the United States; "bring the parties back to their original starting point[;] and ensure that wrongdoers are not enriched by their ill-gotten gains…"[23] This classic disgorgement is an equitable remedy which does not entitle Defendants to a jury trial.

**DISGORGEMENT IS INCIDENTAL TO INJUNCTIVE RELIEF**

The Supreme Court has held that a monetary award may be an equitable remedy where (1) it is "restitutionary, such as in 'action[s] for disgorgement of improper profits'" or (2) it is "incidental to or intertwined with injunctive relief." [24] The relief that the United States is seeking meets both of these tests. "Restitution is limited to 'restoring the status quo and ordering the return of that which rightfully belongs to the [victim]."[25] As stated above, the United States seeks disgorgement in order "to compensate the U.S. Treasury for the millions of dollars it has lost due to Defendants' unlawful conduct that resulted in their unjust enrichment."[26] Secondly, even if disgorgement under 26 U.S.C. § 7402 were considered a legal remedy, a jury trial is not required

---

[21] *United States v. Mesadieu*, 180 F. Supp.3d 1113 (M.D. Fla. 2016) (finding that disgorgement in the amount of defendant's "ill-gotten gains" constitutes a "fair and equitable remedy," but holds that the Government had not met its burden of proving the proper amount of unjust enrichment subject to disgorgement. *United States v. Lawrence*, 2016 WL 5390569, (S.D. Fla. 2016) (holding that the claim for disgorgement is an equitable one that seeks to divest defendant who was unjustly enriched by operating his business in an unlawful manner).

[22] Complaint, docket no. 2, filed November 23, 2015.

[23] Opposition at 9-10.

[24] *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (quoting *Tull v. United States*, 481 U.S. 412, 424 (1987)).

[25] *Tull*, 481 U.S. at 424 (quoting *Porter v. Warner Holding Co.*, 416 U.S. 363, 375 (1946)).

[26] Opposition at 7.

if the monetary award is "incidental to or intertwined with injunctive relief."[27] Here, "the primary relief the United States seeks is a civil injunction, an equitable remedy."[28] The disgorgement sought here is incidental to injunctive relief and therefore, a jury trial is not required.

**KOKESH DOES NOT APPLY**

*Kokesh v. SEC* decided whether disgorgement is a penalty for the purpose of applying a statute of limitation. *Kokesh* is a statutory analysis of terms.[29] The Supreme Court does not state in *Kokesh* that its ruling determines that disgorgement is a penalty in all contexts. And, *Kokesh* certainly did not discuss or overrule the long standing precedent of categorizing disgorgement as an equitable remedy.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Motion to Reinstate Trial by Jury[30] is DENIED. A 10-day bench trial will begin April 2nd as previously scheduled.

Dated March 7, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[27] *Tull*, 481 U.S. at 424.

[28] Opposition at 3.

[29] *Kokesh,* 137 S.Ct. at 1639 ("A 5–year statute of limitations applies to any "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." 28 U.S.C. § 2462. This case presents the question whether § 2462 applies to claims for disgorgement imposed as a sanction for violating a federal securities law. The Court holds that it does. Disgorgement in the securities-enforcement context is a "penalty" within the meaning of § 2462, and so disgorgement actions must be commenced within five years of the date the claim accrues.").

[30] Defendants' Motion to Reinstate Trial by Jury ("Motion"), docket no, 289, filed February 9, 2018.