IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' RULE 60(a) REQUEST FOR RELIEF BASED ON OVERSIGHT AND CONFIRMING ORDER DENYING TRIAL BY JURY**<br><br>Case No. 2-15-cv-00828-DN<br><br>District Judge David Nuffer |

    Defendants correctly claim the timing of the Memorandum Decision and Order Denying Defendants' Motion to Reinstate Trial by Jury ("Order")[1] was premature and request relief pursuant to DUCivR 7-1(b)(3)(B).[2] A shorter briefing period was not ordered; the Defendants' Motion to Reinstate Trial by Jury ("Motion"), docket no. 289, filed February 9, 2018,[3] was not a motion in limine to which no reply is permitted; and Defendants had until March 12, 2018, to file a reply to Plaintiff's Opposition to Defendants' Motion to Reinstate Trial by Jury, filed February 26, 2018.[4] But the Order was issued March 7, 2018. Defendants have correctly stated that the

---

[1] Docket No. 322, filed March 7, 2018.

[2] Defendants' Rule 60(a) Request for Relief Based on Oversight ("Request"), docket no. 325, at 2, filed March 8, 2018.

[3] Docket no, 289, filed February 9, 2018.

[4] Request at 2.

Order[5] was entered prematurely. This was the court's error. However, even after the arguments in Defendants' Reply[6] are considered, the Order[7] does not change for the reasons set forth below.

**KOKESH IS INAPPLICABLE**

*Kokesh v. SEC* is a statutory analysis of application of a statute of limitations and does not apply to determine right to trial by jury.[8] *Kokesh* is not applicable.

**TIMELINESS BARS THE MOTION TO REINSTATE TRIAL BY JURY**

In the Reply, Defendants state that they did not learn of "Plaintiff's intention to assert penalties by way of excessive 'disgorgement,'" until Plaintiff filed its Motion to Freeze Assets on November 17, 2017.[9] Defendants argue that the Motion to Reinstate Trial by Jury[10] is not untimely, because it "was brought shortly after they learned of [Plaintiff's] new [disgorgement] theory."[11] This argument is unpersuasive for two reasons. First, the Plaintiff's Motion to Freeze Assets was filed November 17, 2017, and Defendants did not file the Motion to Reinstate Trial by Jury until 84 days later on February 9, 2018. Defendants waited almost three months to file the Motion to Reinstate Trial by Jury. Second, the Complaint filed nearly two and a half years ago states that Plaintiff seeks an order requiring "all Defendants disgorge to the United States the

---

[5] [Docket no. 322](), filed March 7, 2018.

[6] Defendants' Reply Memorandum in Support of Motion to Reinstate Trial by Jury ("Reply"), [docket no. 326](), filed March 8, 2018.

[7] [Docket no. 322](), filed March 7, 2018.

[8] [*Kokesh v. S.E.C.*, 137 S.Ct. 1639 (2017)]()("A 5–year statute of limitations applies to any "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." [28 U.S.C. § 2462](). This case presents the question whether § 2462 applies to claims for disgorgement imposed as a sanction for violating a federal securities law. The Court holds that it does. Disgorgement in the securities-enforcement context is a "penalty" within the meaning of § 2462, and so disgorgement actions must be commenced within five years of the date the claim accrues.").

[9] Reply at 6, *see also* United States' Motion to Freeze the Assets of Defendants Neldon Johnson, Rapower-3, LLC, and International Automated Systems, Inc. and Appoint a Receiver, [docket no. 252](), filed November 17, 2017.

[10] Defendants' Motion to Reinstate Trial by Jury, docket no, 289, filed February 9, 2018.

[11] Reply at 6.

gross receipts that they received from any source as a result of the solar energy scheme…"[12] Also, the Prayer for Relief requests "[t]hat this Court, under § 7402(a), enter an order requiring all Defendants to disgorge to the United States the gross receipts…"[13] Defendants' claim that they were not made aware of Plaintiff's intention to seek disgorgement of gross receipts until November 17, 2017, is inaccurate because the Complaint filed on November 23, 2015, clearly states the intent of Plaintiff to seek disgorgement. And 84 days, the time between the Motion to Freeze Assets and the Motion to Reinstate Trial by Jury, is not a short and insignificant amount of time. The Motion to Reinstate Trial by Jury is untimely.

**THERE IS NO RIGHT TO JURY TRIAL MAKING A BALANCING ANALYSIS IRRELEVANT**

Defendants in the Reply assert that their "right to a trial by jury far outweighs" any prejudice to Plaintiff.[14] A balancing analysis is irrelevant because Defendants have no right to trial by jury on the issue of disgorgement, for the reasons stated in the Order.

---

[12] Complaint for Permanent Injunction and Other Relief, docket no. 2, at 3, ¶ 2.b., filed November 23, 2015.

[13] *Id*. at 43, ¶ b.

[14] Reply at 9.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Rule 60(a) Request for Relief Based on Oversight[15] is GRANTED. But after considering the Reply Memorandum, the result does not change. The Motion to Reinstate Trial by Jury[16] was DENIED by the Memorandum Decision and Order Denying Defendants' Motion to Reinstate Trial by Jury[17] which is CONFIRMED. The 10-day bench trial will begin April 2nd as previously scheduled.

Dated March 13, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[15] [Docket no. 325, at 2](), filed March 8, 2018.

[16] Defendants' Motion to Reinstate Trial by Jury, docket no, 289, filed February 9, 2018.

[17] [Docket No. 322](), filed March 7, 2018.