IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [319] MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING DAMAGES RELATING TO DISGORGEMENT OF FUNDS**<br><br>Case No. 2-15-cv-00828-DN<br><br>District Judge David Nuffer |

Defendants have moved to exclude "Plaintiff's proposed evidence regarding damages relating to disgorgement of funds" because "Plaintiff has failed to timely disclose any computation…of damages" and "to timely designate an expert" witness.[1] Plaintiff responded in opposition.[2] Defendants replied.[3] For the reasons set forth below, Defendants' Motion is DENIED.

Defendants seek, pursuant to Rule 26(a)(1)(iii), to prohibit the Plaintiff from introducing evidence of disgorgement because "Plaintiff failed to properly and timely disclose" "any documents or other evidentiary material on which any computation of damages or disgorgement

---

[1] Defendants' Motion in Limine to Exclude Testimony Regarding Damages Relating to Disgorgement of Funds ("Motion"), docket no. 319, at 1, 9, filed March 5, 2018.

[2] United States' Memorandum in Opposition to Defendants' Motion in Limine to Exclude Testimony Regarding Damages Relating to Disgorgement of Funds ("Opposition"), docket no. 332, filed March 12, 2018.

[3] The court will not consider Defendants' Reply Memorandum in Support of Motion in Limine {Doc. 319) to Exclude Testimony Regarding Damages Relating to Disgorgement of Funds, docket no. 337, filed March 13, 2018, because pursuant to the Trial Order Defendants are not entitled to a reply and Defendants' Reply is longer than the three-page limit prescribed in the Trial Order, docket no. 288, filed February 7, 2018.

is based.".[4] Plaintiff responds that "Rule 26(a)(1) does not require disgorgement calculations to be disclosed, and [they] disclosed all information that supports [their] disgorgement calculations."[5] This is correct. "Disgorgement is not a damages remedy, and therefore 'the disclosure required by Rule 26(a)(1)(A)(iii) is inapplicable.'"[6] Furthermore, Plaintiff "timely disclosed the bank records and tax returns underlying [their disgorgement] calculations."[7]

Defendants claim they would be prejudiced by Plaintiff's ability to "put on evidence of damages or disgorgement that Plaintiff failed to properly and timely disclose."[8] Plaintiff responds "[i]t is nonsensical [for Defendants] to claim prejudice because [Plaintiff] did not disclose information [Defendants possess]."[9] Defendants should know the total amount of lenses sold and how much money was derived from those sales. Defendants are "not prejudiced by the [Plaintiff's] failure to disclose a precise calculation of disgorgement because [they are] in at least as good of a position, if not better, as the [Plaintiff] to calculate the ill-gotten gains [they] received."[10] Moreover, Defendants have repeatedly withheld information from Plaintiff regarding the basis for disgorgement, despite being ordered to do so.[11]

---

[4] Motion at 1-2.

[5] Opposition at 2, ¶ I.

[6] *United States v. Stinson*, 2016 WL 8488241, at *7 (M.D. Fla. 2016) (quoting *S.E.C. v. Razmilovic*, 2010 WL 2540762, at *2 (E.D.N.Y. 2010)).

[7] Opposition at 3.

[8] Motion at 2.

[9] Opposition at 3.

[10] *United States v. Stinson*, 2016 WL 8488241, at *7 (citations omitted).

[11] Magistrate Judge Furse determined that Defendants failed to comply with a court order requiring Defendants to produce the documents which are now the basis for Defendants' prejudice claim in this Motion. Defendants claim Plaintiff did not disclose the documents Defendants did not produce. *See* Order Granting United States' Expedited Motion for Sanctions Against Defendants, docket no. 235, filed October 25, 2017; *see also* Order Granting United States' Expedited Motion to Compel Defendants to Produce Documents, docket no. 218, filed September 12, 2017 (Defendants shall produce the computer program that purportedly tracks customers and all solar lens purchase agreements with customers).

Defendants also complain that they have not had the opportunity to examine experts who must necessarily present disgorgement evidence.[12] Plaintiff asserts that "[n]o specialized expertise is required to perform the [disgorgement] calculations."[13] Plaintiff will present "evidence on disgorgement through summary witnesses who reviewed the same voluminous documents that [were] timely disclosed to Defendants, and who will be available for cross-examination."[14] These witnesses reviewed Defendants' bank accounts and tax returns of Defendants' customers and synthesized this information into Excel to "calculate Defendants' gross receipts and estimate the harm to the Treasury."[15] Assuming sufficient foundation is laid and the testimony is not otherwise objectionable, a witness with "personal knowledge or perception acquired through review of records" may testify from her lay opinion testimony.[16] In this situation, no expertise is required.

**ORDER**

IT IS HEREBY ORDERED that

(1) Defendants' Motion[17] is DENIED.

(2) The parties shall meet and confer and make an attempt to find a time for Defendants to depose JoAnna Perez and Amanda Reinken, only on the subject of the exhibits as

---

[12] Opposition at 7-9.

[13] Opposition at 4, ¶ III.

[14] *Id.* at 3; *see also* United States' Memorandum in Opposition to Defendants' "Objection to Plaintiff's Pretrial Witness List and Request to Strike," docket no. 329, at 3, filed March 9, 2018.

[15] Opposition at 3.

[16] *United States v. Lemire*, 720 F.2d 1327, 1347 (D.C. Cir. 1983) (allowing non-expert testimony summarizing the documents in evidence already before the jury, about which he had personal knowledge from reviewing the transcripts and exhibits); *Qwest Corporation v. City of Santa Fe*, 2013 WL 12239494, at *1 (D.N.M. 2013) (citing Burlington N. R.R. Co. v. State of Neb., 802 F.2d 994, 1004-05 (8th Cir. 1986)).

[17] Docket no. 319, filed March 5, 2018.

to which they will testify and their preparation of those exhibits. Neither deposition shall consume more than three hours.

(3) The parties must submit briefs on or before noon March 26, 2018 on the measurement and proof of a disgorgement amount. Specifically, the parties must provide legal authority for (1) measuring disgorgement by the amount of (a) taxes avoided by investors in Defendant RaPower; (b) gross profit of RaPower; (c) net profit of RaPower; (d) income of individual defendants from RaPower; or any other measure, and (2) who, in the event net profit is a proper measure, bears the burden of proof on expenses RaPower incurred in its business.

Dated March 14, 2018.

BY THE COURT:

David Nuffer
United States District Judge