IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [403] MOTION TO CONTINUE TRIAL** <br><br> Case No. 2-15-cv-00828-DN <br><br> District Judge David Nuffer |

Defendants moved to continue trial because Mr. R. Gregory Shepard, a named defendant, is ill, may have a heart procedure, and may be unable to attend trial.[1] Plaintiff responded in opposition.[2] Defendants replied.[3] Defendants' Motion is made on a permissible basis.[4] But it is denied.

The eleventh through eighteenth days of this bench trial are scheduled to resume June 21, 2018.[5] This case, which is three years old, was originally set for ten days of trial.[6] Plaintiff

---

[1] Defendants' Motion Request for a Continuance of Trial on the Basis of Litigant's Health ("Motion"), docket no 403, at 1, filed June 15, 2018.

[2] United States' Memorandum in Opposition to Defendants' Motion to Continue ("Opposition"), docket no. 404, filed June 15, 2018.

[3] Defendants' Response to the United States' Opposition to the Motion to Continue Trial on the Basis of Litigant's Health ("Reply") docket no. 405, filed June 15, 2018.

[4] "...we should observe that illness of a litigant severe enough to prevent him from appearing in court is always a legitimate ground for *asking* for a continuance." *Davis v. Operation Amigo, Inc*., 378 F.2d 101, *103 (1967) (emphasis added).

[5] See docket "Bench Trial Updated Schedule" filed April 27, 2018.

[6] Scheduling Order, docket no. 37, filed April 6, 2016.

has rested after presenting 16 witnesses, including Mr. Shepard.[7] Plaintiffs examined witnesses for nearly thirty-two hours while Defendants cross-examined those witnesses for nearly twenty-three hours.[8] Mr. Shepard testified for seven hours, nearly three of which were cross examination.[9] Eleven depositions were designated and have been read.[10] The designated portions of Mr. Shepard's deposition consisted of well over one hundred pages.[11]

The Complaint[12] alleges eleven causes of action including Injunction under § 7402(a) and Injunction under § 7408. Plaintiff seeks to enjoin a fraudulent tax scheme and an order for disgorgement of profits.[13] Evidence received to date indicates that Defendants' revenue from this scheme for the years 2009-2016 may exceed $35,000,000[14] and that tax benefits taken by Defendants' customers for the years 2013-2016 may exceed $14,000,000. Defendants continue to market their product and encourage customers to take tax benefits. Just before trial, Defendants announced they would satisfy a debt by transfer of lenses to existing customers who could take tax benefits based on the market value of the lenses.[15] Defendants will not cease activities and Plaintiff will not cease to be adverse without adjudication.

---

[7] Minute Entries for proceedings held before Judge David Nuffer, docket no. 372, filed April 2, 2018; docket no. 374, filed April 3, 2018; docket no. 378, filed April 4, 2018; docket no. 380, filed April 5, 2018; docket no. 386, filed April 19, 2018; docket no. 388, filed April 20, 2018; docket no. 391, filed April 23, 2018; docket no. 392, filed April 24, 2018; docket no. 393, filed April 25, 2018; and docket no. 396, filed April 26, 2018.

[8] Transcript of Proceedings April 2-5, April 19-20, and April 23-26, 2018.

[9] Transcript of Proceedings, April 23, 2018, page 1580, line 18 to page 1624, line 19; and April 24, 2018, page 1636, line 24 to page 1752, line 5.

[10] Docket nos. 297-307, filed February 26, 2018.

[11] Docket no. 306, filed February 26, 2018.

[12] Docket no. 2, filed November 23, 2015.

[13] *Id*. at ¶¶ 2(b) and 198(b).

[14] Exhibits 735, 736, 737, 738, 739, 740 and 741.

[15] Exhibit 796.

Defendants seek to continue trial based on the assertion that "Mr. Shepard cannot attend trial at the time prescribed due [sic] his illness, nor can his treatment be delayed to accommodate trial."[16] In the Motion, Defendants state Mr. Shepard has some heart issues and is scheduled for diagnostic testing on June 22, 2018, the second day of resumed trial, to determine if a heart stent or open heart surgery is necessary.[17] If a stent will repair Mr. Shepard's heart damage, the procedure will be done that same day, June 22, 2018[18] and if open heart surgery is necessary it will be scheduled "as soon as the doctor's schedule will allow."[19] The motion and reply do not indicate that Mr. Shepard's condition came on before or after the ten days of trial already completed, during which he did not appear ill at ease or impaired in any way as he attended and testified.

In *Fillippon v. Albion Vein Slate Co.*, the Supreme Court stated "that the orderly conduct of a trial…essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings... "[20] But if a litigant is "ably represented at trial by counsel [then] '[t]here is no constitutional right of a litigant to be personally present during the trial of a civil proceeding'."[21] There is no dispute that defense counsel represents Mr. Shepard and counsel will be present at trial. Therefore, whatever rights Mr. Shepard may have to be present at trial are fully protected by the ability of defense counsel to be present and represent him at trial.

---

[16] Motion at 2.

[17] *Id*. at 1.

[18] Reply at 2.

[19] Motion at 1-2.

[20] *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, *81 (1919).

[21] *Kulas v. Flores,* 255 F.3d 780 (9th Cir. 2001) quoting *Faucher v. Lopez,* 411 F.2d 992, 996 (9th Cir.1969).

Mr. Shepard voluntarily absented himself from portions of the first ten days of trial. During the first ten days of trial, Mr. Shepard never sat at counsel's table.

This trial was originally scheduled to last only ten days. During the first ten days of trial, it became apparent that the parties were going to need more time. Defendant has had ample opportunity to cross examine witnesses, including Mr. Shepard. Coordinating the calendars of the parties, counsel and the court was very difficult. After input of counsel, the additional seven days of trial were set for June 21, 22, 25-29, 2018.[22] These dates were made available by cancelling other planned hearings and events. Plaintiff's counsel travels from Washington, D.C. No additional trial dates are available for the foreseeable future.

For the reasons set forth, Defendants' Motion[23] is DENIED.

**ORDER**

IT IS HEREBY ORDERED that

(1) Defendants' Motion[24] is DENIED.

(2) Trial will proceed as scheduled on June 21, 22 and 25-29.

(3) On or before 5:00 pm June 19, 2018, Defendants must notify the court and the parties whether Mr. Shepard will testify on Thursday, June 21, 2018.

(4) On or before Friday June 22, 2018, Defendants may designate additional portions of Mr. Shepard's deposition and Plaintiff shall respond to the designations on or before Tuesday June 26, 2018.

---

[22] See docket "Bench Trial Updated Schedule," filed April 27, 2018.
[23] Docket no. 403, filed June 15, 2018.
[24] *Id.*

(5) On or before noon Wednesday June 20, 2018, Defendants shall file a trial schedule with anticipated witnesses and length of direct and re-direct examination, allowing 60% of the time for cross and re-cross examination, with completion of all witnesses by noon Thursday June 29, 2018.

Dated June 18, 2018.

BY THE COURT:

David Nuffer
United States District Judge