IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC; INTERNATIONAL AUTOMATED SYSTEMS, INC.; LTB1, LLC; R. GREGORY SHEPARD; and NELSON JOHNSON,<br><br>　　　　Defendants. | **ORDER DENYING MOTION FOR RECUSAL**<br><br>Case No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

Defendant Neldon Johnson has filed a motion ("Motion")[1] to have me disqualified from further participation in this case under 28 U.S.C. §§ 455 and 144. Because Johnson's filings are insufficient, neither of these statutes requires my recusal, and the Motion[1] is DENIED.

## DISCUSSION

Johnson argues that recusal is required because he recently filed two lawsuits naming me as a defendant.[2] But "[a] judge is not disqualified merely because a litigant sues or threatens to sue him."[3] Thus, regardless of the number of lawsuits Johnson may choose to file against me, I am not disqualified from presiding over this case.

---

[1] Neldon Johnson's Pro Se Motion to Recuse Honorable Judge David Nuffer ("Motion"), docket no. 495, filed November 2, 2018.

[2] *Id.* at 2, 5-7.

[3] *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977).

Johnson also argues—in conclusory fashion[4]—that he believes that decisions adverse to him in this case were "intended to punish" and "to destroy [him] financially."[5] That is not sufficient.[6] "In every lawsuit, judges make rulings adverse to one or the other party. That these rulings may be unwelcome is simply too commonplace a circumstance to support an allegation of bias."[7]

Johnson further argues—again in conclusory fashion[4]—that he believes that I made statements evidencing bias against him after reviewing testimony and other evidence presented during the course of proceedings in this case.[8] Judges are required to hear evidence and assess. This may lead to conclusions a litigant does not like. But even though a judge "may, upon completion of the evidence, be exceedingly ill disposed towards the defendant," "the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes . . . necessary to completion of the judge's task."[9]

Because Johnson has failed to present compelling evidence of bias or prejudice, his motion for my recusal or disqualification will be denied.

---

[4] *See Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (recusal under 28 U.S.C. § 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence"); *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) ("Simple conclusions, opinion or rumors are insufficient" to require disqualification under 28 U.S.C. § 144.).

[5] Motion, *supra* note 1, at 3.

[6] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[7] *Kromrey v. U.S. Dep't of Justice*, No. 09-cv-376, 2010 WL 2838375, *2 (W.D. Wis. July 19, 2010).

[8] Motion, *supra* note 1, at 6-7.

[9] *Liteky,* 510 U.S. at 550-51; *see id.* at 555 ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or event hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[10] is DENIED.

Signed November 5, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[10] Docket no. 495, filed November 2, 2018.