IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING AND DENYING IN PART NELDON JOHNSON'S MOTION FOR LIMITED RELIEF FROM ASSET FREEZE ORDER**<br><br>Case No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

Defendant Neldon Johnson filed a motion ("Motion")[1] for limited relief from the asset-freeze orders[2] (the "Asset Freeze") with respect to $4,358.18 in funds that the Receiver collected from an account ending in 9233 at the Bank of American Fork (the "Account") because, according to Johnson, he receives and holds Social Security income benefits in the Account.

Johnson has not (1) credibly shown that *all* funds in the Account are traceable to Social Security payments,[3] or (2) provided adequate assurance that the only future deposits in the Account will be from Social Security.[4]

Therefore, based on the arguments and evidence submitted,[1] and for good cause appearing,

---

[1] Defendant Neldon Johnson's Motion for Limited Relief from Asset Freeze Order ("Motion"), docket no. 530, filed December 4, 2018; *see* United States' Opposition to Johnson's Motion for Limited Relief from Asset Freeze Order ("Response"), docket no. 554, filed December 18, 2018. Johnson did not file a reply memorandum, and the time to do so has expired. *See* Docket Text Order, docket no. 533, entered December 5, 2018.

[2] Memorandum Decision and Order Freezing Assets and to Appoint a Receiver, docket no. 444, filed August 22, 2018; Corrected Receivership Order, docket no. 491, filed November 1, 2018.

[3] *See Sheriff v. Accelerated Receivables Solutions*, No. 05-cv-279, 2008 WL 11401780, at *4 (D. Wyo. Nov. 14, 2008) (the burden is on the beneficiary to prove what funds are traceable to Social Security).

[4] *See* Response, *supra* note 1, at 2-4.

IT IS HEREBY ORDERED that the Motion[1] is GRANTED in part and DENIED in part as follows:

1.  The Receiver shall pay $1,386 (for the Social Security payment dated August 22, 2018) to Johnson in funds collected from the Account. This $1,386 is released from the Asset Freeze.

2.  The Receiver shall retain the remaining $2,972.18 collected from the Account because Johnson has not shown that those funds are traceable to Social Security payments. This $2,972.18 shall remain subject to the Asset Freeze.

3.  The only permissible deposits into the Account shall be funds received from Social Security. So long as the only deposits into the Account are funds received from Social Security, the Account shall be released from the Asset Freeze. To show that no other deposits are made into the Account, Johnson shall deliver to the Receiver a monthly bank statement for the Account by no later than the seventh day of each following month.

Signed December 26, 2018.

BY THE COURT:

David Nuffer
United States District Judge