IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO LIFT ASSET FREEZE AS TO SOLCO I AND XSUN ENERGY**<br><br>Case No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

Defendants RaPower-3 LLC, International Automated Systems Inc., LTB1 LLC, Gregory Shepard, and Neldon Johnson (collectively, "RaPower") filed a motion ("Motion")[1] under Fed. R. Civ. P. 59(e) to lift the asset-freeze orders[2] ("Asset Freeze") as to Solco LLC and XSun Energy LLC (collectively, "Solco") because they are not parties to this case and their assets were frozen without due process.[3] RaPower has made this due-process argument on at least two prior occasions.[4] On both occasions, it was rejected.[5] It is rejected again today.

---

[1] Motion to Lift Asset Freeze Order as to Solco I and XSun Energy ("Motion"), docket no. 509, filed November 16, 2018; *see* Errata to Motion to Lift Asset Freeze Order as to Solco I and XSun Energy, docket no. 512, filed November 20, 2018; United States' Opposition to Defendants' Motion to Lift the Asset Freeze Order as to Solco I and XSun Energy, docket no. 523, filed November 30, 2018; Receiver's Joinder in United States' Opposition to Motion to Lift Asset Freeze as to Solco I and XSun Energy, docket no. 525, filed November 30, 2018; Reply Memorandum in Support of Motion to Lift Asset Freeze Order as to Solco I and XSun Energy ("Reply"), docket no. 540, filed December 12, 2018.

[2] Memorandum Decision and Order Freezing Assets and to Appoint a Receiver, docket no. 444, filed August 22, 2018; Corrected Receivership Order, docket no. 491, filed November 1, 2018.

[3] RaPower acknowledges that "there is a close relationship between some of these Defendants and Solco I and XSun Energy." Reply, *supra* note 1, at 10.

[4] *See* Objection re: Findings of Fact and Conclusions of Law, at 16-19, docket no. 452, filed September 14, 2018; Defendants' Objection to Plaintiff's Proposed Receivership Order, at 1-6, docket no. 461, filed September 28, 2018.

[5] *See* Docket Text Order, docket no. 478, October 23, 2018; Findings of Fact and Conclusions of Law, docket no. 467, filed October 4, 2018; Corrected Receivership Order, docket no. 491, filed November 1, 2018.

At all relevant times, Solco has had notice of the Asset Freeze and an opportunity to be heard regarding it. Indeed, this is at least the third time that Solco has been heard regarding it.[4] And upon completion of the Receiver's investigation, Solco will have yet another opportunity to be heard about it. Accordingly, RaPower has failed to establish that the Asset Freeze should be modified on due-process grounds.

Furthermore, because RaPower and Solco have failed to show that the so-called "nonrefundable" retainer in the amount of $735,202.22, which is currently in Nelson Snuffer Dahle & Poulsen's trust account, is *not* property of the receivership estate, the full balance of that retainer will remain subject to the Asset Freeze at this time.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[6] is DENIED without prejudice pending completion of the Receiver's investigation and report in accordance with the Corrected Receivership Order.[7]

Signed December 27, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[6] Docket no. 509, filed November 16, 2018.

[7] Docket no. 491, filed November 1, 2018.