IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAPOWER-3, LLC, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' RULE 26(c) MOTION** <br><br> Case No. 2:15-cv-00828-DN <br><br> District Judge David Nuffer |

Defendants RaPower-3 LLC ("RaPower"), International Automated Systems Inc. ("IAS"), LTB1 LLC, R. Gregory Shepard, and Neldon Johnson (collectively, the "Receivership Defendants") filed a motion ("Motion") under Fed. R. Civ. P. 26(c) for "a protective order . . . to prevent the unredacted disclosure of client billings of the law firm Nelson, Snuffer, Dahle & Poulsen, P.C., to the Receiver, Wayne Klein."[1] For the following reasons, the Motion[1] is DENIED.

### BACKGROUND

A receivership order was entered appointing Wayne Klein as the receiver ("Receiver") for the estate of the Receivership Defendants and any subsidiaries or affiliated entities.[2] That order gives the Receiver the power and duty "[t]o assume all legal privileges, including attorney-client . . . privileges, belonging to the Receivership Defendant entities, and [to] determine in his

---

[1] Rule 26(c) Motion for Protective Order ("Motion"), at 1, docket no. 562, filed February 1, 2019; *see* Receiver's Memorandum in Opposition to Defendants' Motion for Protective Order ("Response"), docket no. 570, filed February 12, 2019; Request to Submit for Decision, docket no. 585, filed March 4, 2019.

[2] Corrected Receivership Order ¶ 3, docket no. 491, filed November 1, 2018.

discretion whether and when to assert or . . . waive such privileges."[3] "All attorneys . . . who have represented any of the Entity Receivership Defendants" are required to "cooperate fully with the Receiver in providing the Receiver the contents of their files relating to those representations."[4] The receivership order also provides that "[a]ny claim of attorney-client . . . privilege" must "be made on motion and include a privilege log specifically identifying each document or item withheld from production and provide sufficient foundational information to allow an individualized assessment as to the applicability of the claimed privilege."[5]

On January 30, 2019, the Receiver sent the following request to the law firm Nelson Snuffer Dahle & Poulsen ("NSDP"):

> I am hereby requesting copies of all [NSDP] invoices that show the work that was performed leading to these payments from IAS and RaPower. In other words, please send me copies of all invoices showing work that was performed by your firm and paid for by IAS or RaPower.[6]

In response, the Receivership Defendants filed this Motion asserting that the requested "invoices contain information subject to the attorney-client privilege."[7]

## DISCUSSION

A motion for a protective order under Fed. R. Civ. P. 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[8] The Motion here does not include this

---

[3] *Id.* ¶ 13(n).

[4] *Id.* ¶ 41.

[5] *Id.*

[6] Motion, *supra* note 1, at 2.

[7] *Id.*

[8] FED. R. CIV. P. 26(c)(1).

certification, and it is undisputed that the Receivership Defendants "did not confer or attempt to confer with the Receiver before filing their Motion."⁹ The Motion also does not include a privilege log, as the receivership order requires.¹⁰ These omissions render the Motion procedurally deficient. As a result, it will be denied.

The Motion will also be denied on substantive grounds because, under the receivership order, any attorney-client privilege of RaPower or IAS now belongs to the Receiver.¹¹ However, as set forth in the receivership order, the Receiver is prohibited from waiving any such privilege without first providing the Receivership Defendants with seven-days notice of its intent to do so.¹² Accordingly, absent the Receiver's compliance with this requirement, the Receiver cannot disclose any privileged information or materials to the United States.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion¹³ is DENIED.

Signed March 5, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

⁹ Response, *supra* note 1, at 2 n.6.

¹⁰ Corrected Receivership Order, *supra* note 2, ¶ 41.

¹¹ *Id.* ¶ 13(n).

¹² *Id.* ¶ 61.

¹³ Docket no. 562, filed February 11, 2019.