IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING THE JOHNSONS' RULE 26(c) MOTIONS**<br><br>Case No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

Nonparty Glenda Johnson filed a motion under Fed. R. Civ. P. 26(c) "objecting to the subpoena served on her on January 29, 2019," and "ask[ing] . . . for protection from the . . . demands for production of documents and things from the receiver."[1] On the same date, Defendant Neldon Johnson also filed a motion "for protection from the . . . demands for production of documents and things from the receiver."[2] For the following reasons, both motions are DENIED.

## BACKGROUND

A receivership order was entered appointing Wayne Klein as the receiver ("Receiver") for the estate of Neldon Johnson, RaPower-3 LLC, International Automated Systems Inc., LTB1

---

[1] Motion for Protective Order for Non-Party Glenda Johnson, at 1, docket no. 565, filed February 7, 2019; *see* Receiver's Memorandum in Opposition to Glenda Johnson's Motion for Protective Order, docket no. 579, filed February 20, 2019.

[2] Neldon Johnson's Pro Se Motion for Protective Order, docket no. 568, filed February 7, 2019; *see* Receiver's Memorandum in Opposition to Neldon Johnson's Motion for Protective Order, docket no. 580, filed February 20, 2019.

LLC, and R. Gregory Shepard (collectively, the "Receivership Defendants") and any subsidiaries or affiliated entities.[3] Among other things, the receivership order requires:

- the Receivership Defendants and "their past and present officers, . . . agents, . . . servants, employees, . . . and any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of [the receivership order], . . . to preserve and *turn over to the Receiver forthwith* all paper and electronic information of, or relating to, the Receivership Property";[4]

- "any person[] acting for or on behalf of the Receivership Defendants" (including their "agents, servants, [and] employees"), and any person who receives notice of the receivership order, to deliver all "property, business, books, records, accounts, [and] assets of the Receivership Defendants" that is in his or her possession to the Receiver;[5]

- "[a]ll persons and entities having control, custody, or possession of any Receivership Property or records of Receivership Defendants . . . *to turn such property over* to the Receiver";[6]

- "[t]he Receivership Defendants . . . and any affiliated individuals (including spouses and other family members) [to] cooperate with and assist the Receiver in the performance of

---

[3] Corrected Receivership Order ¶ 3, docket no. 491, filed November 1, 2018.

[4] *Id.* ¶ 14 (emphasis added); *see also id.* ¶ 24 ("The Receivership Defendants and the past and present officers, . . . agents, . . . and employees of the Entity Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to preserve and *turn over to the Receiver forthwith* all paper and electronic information of, or relating to, the Receivership Defendants or Receivership Property . . . . If these documents and records are no longer within their control, they must provide information to the Receiver identifying the records, the persons in control of the records, and efforts undertaken to recover the records." (emphasis added)). The term "Receivership Property" is defined broadly in the receivership order. *See id.* ¶ 13(a).

[5] *Id.* ¶ 17.

[6] *Id.* ¶ 16 (emphasis added).

2

his duties and obligations," and to "*respond promptly* and truthfully to all requests for information and documents from" him;[7] and

- Neldon Johnson and his "family members" to "*promptly answer* under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants or any other matter relevant to the operation or administration of the receivership or collection of funds due to the Receivership Defendants."[8]

On October 31, 2018, Neldon Johnson was served with a copy of the receivership order.[9] His wife, Glenda Johnson—a former agent, employee, and bookkeeper of Receivership Defendants[10]—was served with a copy of the order on November 29, 2018.[11] Since then, the Receiver has made repeated attempts to obtain relevant information and records from the Johnsons. For example, on December 3, 2018, he informed their attorneys of types of information that he desired to receive from the Johnsons.[12] On December 11, 2018, he asked their attorneys for certain records.[13] On January 14, 2019, he served their attorneys with notice of his intent to subpoena the Johnsons.[14] And on January 29, 2019, he successfully served (after

---

[7] *Id.* ¶ 23 (emphasis added).

[8] *Id.* ¶ 28 (emphasis added).

[9] Receivership Order, docket no. 490, filed October 31, 2018.

[10] *See* Receiver's Memorandum in Opposition to Glenda Johnson's Motion for Protective Order, *supra* note 1, at 3, 5.

[11] Acknowledgment: Receipt of Receivership Order, docket no. 579-1, filed February 20, 2019.

[12] E-mails, at 2-5, docket no. 579-2, filed February 20, 2019.

[13] *Id.* at 1-2.

[14] Notice of Intent to Serve Subpoena to Glenda Johnson, docket no. 554, filed January 14, 2019; Notice of Intent to Serve Subpoena to Neldon Johnson, docket no. 555, filed January 14, 2019.

multiple attempts) each of the Johnsons with a subpoena.[15] To date, the Johnsons have not produced the information or records requested in the subpoenas.[16] Instead, they filed the instant motions on February 7, 2018—the day before their responses were due.

## DISCUSSION

The Johnsons object to the subpoenas on the grounds that they do not allow reasonable time for compliance and impose an undue burden. Their objections are overruled.

Although the Johnsons were not served with the subpoenas until January 29, 2019, they were given notice of the subpoenas and their contents more than two weeks earlier,[17] and the subpoenas would have been served even earlier had the Johnsons not apparently evaded service.[18] The receivership terms were long known to them. Now substantial additional time has elapsed. Under the circumstances, the Johnsons have had more than reasonable time to comply with the subpoenas.

The subpoenas also do not subject the Johnsons to an undue burden. Indeed, given the requirements of the receivership order outlined above,[19] which apply to each of the Johnsons, the Johnsons should have promptly provided all requested information, records, and documents in their possession or control to the Receiver long before any subpoena was served.

---

[15] *See* Motion for Protective Order for Non-Party Glenda Johnson, *supra* note 1, at 1; Neldon Johnson's Pro Se Motion for Protective Order, *supra* note 2, at 1; *see also* E-mails, docket no. 579-3, filed February 20, 2019.

[16] *See* Receiver's Memorandum in Opposition to Glenda Johnson's Motion for Protective Order, *supra* note 1, at 6 n.18.

[17] *See supra* note 14 and accompanying text.

[18] *See* E-mails, *supra* note 15.

[19] *See supra* notes 4-8 and accompanying text.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that the Johnsons' motions[20] are DENIED. The Johnsons must comply with the subpoenas by no later than Friday, March 22, 2019. To the extent they do not have possession or control over any requested information, records, or documents, the Johnsons must comply with paragraphs 24 and 28 of the receivership order[21] and any other applicable requirements.

Signed March 6, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[20] Docket no. 565, filed February 7, 2019; Docket no. 568, filed February 7, 2019.
[21] Docket no. 491, filed November 1, 2018.