Neldon Johnson
2800 West 4000 South
Delta, UT 84624
Tel. (801) 372-4838
*Defendant, Pro Se*
FILED
U.S. DISTRICT COURT

2019 MAR 18 A 11: 29

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, NELDON JOHNSON, and ROGER FREEBORN,<br><br>Defendants. | Civil No. 2:15-cv-00828-DN-EJF<br><br>**NELDON JOHNSON'S OPPOSITION TO THE RECEIVER'S REPORT (581) AND MOTION (582)**<br><br>Judge David Nuffer<br>Magistrate Judge Evelyn J. Furse |

Neldon Johnson, appearing pro se, opposes the receiver's report and the motion to include other parties. This is based on the following:

I have all my assets frozen. I have been fired by the companies. The court removed me from management. The money that was put into an attorney trust account to pay for legal fees has been frozen. So I have no ability to hire or pay for an attorney, to hire or pay for an accountant, or to obtain any assistance to comply with the receiver's numerous and ongoing demands, and now the receiver is claiming that my failure to provide him with materials is evidence that other companies ought to be put into his control. How does that make any sense?

`1

Here is the history of the things: In 2012 the government seized all my phones, documents, computers, programs and files. They kept them for over a year because they were planning to bring criminal charges. The criminal charges were dropped. They did not return everything. They shuffled the files. They damaged the computers. They corrupted, destroyed or lost a $25,0000 math computer program I used to model and test devices that were subsequently manufactured and patented, apparently in an attempt to access the program. They returned the phones in a damaged and unusable condition. Much of the information that was once in my possession was gone. BUT the government copied everything and has everything from that raid.

The government subpoenaed and got copies of records from the banks. I do not have any copies of those records, but the government has them.

I had three different lawyers or law firms during the case. I don't know if the first lawyer turned over to the second lawyer all the files he had. But I don't have the files. I don't know if the second lawyer turned over all his files to the third lawyers. But I don't have them. What I do know is that THE GOVERNMENT has all the files. And the receiver has said that the government HAS NOT turned over anything to him. I'm being harassed, and threatened about files when the receiver could get them from the government instead of from me. I don't have them. So there should not be some assumption or negative presumption or implied non-cooperation because I have been put into a position to not afford any help, or accountant, or lawyer and the receiver has control over all the companies.

Since the receiver is in charge of all the companies, why isn't he in trouble for not producing? How can he be in control and not also be responsible for getting the files from

the government? Why isn't he in trouble for failing to do his job? Or is his job only to harass me and leave the government alone? If he really wants the information, then he should get it from the government who has all of it.

I have provided extensive copies of documents. All that I have has been provided. It is likely there is more that the government has, but everything I have I have provided.

The receiver is obviously under the mistaken idea that there is $50 million collected that is being hidden. That is because this court awarded $50 million. Before the case went to trial I believed the lens sales totaled about $12 million, although the total collected was very hard to determine. I set up an accounting program that stopped deletions, so that any entry remained in the program. That data was used by Roulhac to prepare his exhibit. The total collected shown in that database was about $20 million, but it included a lot of test entries and amounts that were added before collected, and checks that bounced. The total collected was less than the $20 million in that exhibit, and I think closer to probably around $20 million. So if the receiver expects to find the $50 million the court awarded, it does not exist and never did exist. This court just made a completely unproven, unsupported, extremely punitive award that even the government never asked for. And the receiver now believes this is a real number, and so is on an expensive fishing expedition to try to find what does not exist.

The decision awarding $50 million was based on facts not in evidence. There was no evidence that the lenses I patented and manufactured did not produce "solar process heat." Every witness who testified confirmed they produced solar process heat. Even the government's unqualified expert defined solar process heat to show the lenses qualified. There was no fact in evidence to prove $50 million. The decision against me

was not supported by any proof, and now I'm being accused of not cooperating when there is nothing I am withholding, nor any truth to the false accusations against me.

The US Supreme court said I should have been given a jury. <u>Southern Union Co. v. US</u> 567 US 343 said I should have been given a jury before this punitive award of $50 million made against me. This decision used the prior decision of <u>Apprendi v. New Jersey</u>, 530 U. S. 466 applied when there is a criminal fine like I have imposed on me here. The rule that juries must determine facts that set a fine's maximum amount is an application of the "two longstanding tenets of common-law criminal jurisprudence" on which Apprendi is based: first, "the 'truth of every accusation' against a defendant 'should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbours.' " <u>Blakely</u>, 542 U. S., at 301. And second, " 'an accusation which lacks any particular fact which the law makes essential to the punishment is . . . no accusation within the requirements of the common law, and is no accusation in reason.' " Ibid. Contrary to the Government's contentions, neither <u>United States v. Murphy</u>, 16 Pet. 203, nor <u>United States v. Tyler</u>, 7 Cranch 285, overcomes the ample historical evidence that juries routinely found facts that set maximum criminal fines. Pp. 8-14.

There is no due process and therefore no jurisdiction for adding new companies and parties. If the receiver wants to get other companies, then he should sue them, not just add them by a motion. They ought to have due process: Get sued, answer, do discovery, prepare a defense case, and go through a formal process. Just moving to get all the way to taking property without any of the required steps to get entitled to take the property is a denial of due process. The US Supreme court has said that a federal court lacks jurisdiction to take property without due process. The case I read of Griffin v. Griffin

327 US 220 established that if there hasn't been due process there is NO JURISDICTION to take property. The receiver is tempting the court to overextend its authority in an unlawful and illegal way.

I also need legal representation, but the court has dismissed my counsel and requires me to be self-represented. The right to an attorney is part of the Constitutional rights given to me in the Sixth Amendment. And I have that right as part of Due Process. The US Supreme Court has determined that if I have been denied Due Process that the court loses jurisdiction in the decision, <u>Griffin v. Griffin</u>, 327 US 220. The receiver has taken all my assets and I have no ability to hire legal counsel. This denial of Due Process and loss of jurisdiction and the bias of Judge Nuffer all make it impossible for me to testify.

Judge Nuffer's bias is publicly known, and I filed a motion to show his bias already. Nothing has been done with my motion. This is improper.

Solstice owns 80% of the proceeds, and the bankruptcy of RaPower listed Solstice as the owner of 80% of the revenues. That was approved by the court, and is a fact. Solstice allowed their royalties to be used to manufacture and to construct, and they own the results of that manufacturing and construction.

**CONCLUSION**

Given the fact I have no files, no money, no control, no legal counsel and no ability to pay an attorney, no accountant and no ability to pay an accountant, why not authorize the funds the court has frozen to be used to hire an accountant and attorney to help me instead of just more threats against me? I have nothing and can do nothing. I'm not resisting, I just can't help without anything to help with and no files to provide and no authority to direct any company that you fired me from. The receiver is asking for a

violation of due process and you shouldn't allow it. This whole proceeding has been improper and the outcome has been based on conjecture and not proof. Now that conjecture is being relied on by the receiver to provoke his fishing expedition. This is not proper.

March 14, 2019.

/s/ Neldon Johnson
*Pro Se Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NELDON JOHNSON'S PRO SE OPPOSITION TO THE RECEIVER'S REPORT (581) AND MOTION (582)** was sent to counsel for the United States in the manner described below.

Erin Healy Gallagher
Erin R. Hines
Christopher R. Moran
US Dept. of Justice
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044
*Attorneys for USA*

Sent via:
_____ Mail
_____ Hand Delivery
_____ Email:
erin.healygallagher@usdoj.gov
erin.r.hines@usdoj.gov
christopher.r.moran@usdoj.gov
__X__ Electronic Service via Utah Court's e-filing program

/s/ Neldon Johnson
*Pro Se Defendant*