IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC; INTERNATIONAL AUTOMATED SYSTEMS, INC.; LTB1, LLC; R. GREGORY SHEPARD; and NELDON JOHNSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ON RECEIVER'S MOTION TO INCLUDE AFFILIATES AND SUBSIDIARIES IN RECEIVERSHIP**<br><br>Case No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

R. Wayne Klein, the court-appointed receiver ("Receiver"),[1] filed a motion (the "Motion")[2] to extend the receivership to thirteen entities affiliated with Defendants RaPower-3 LLC ("RaPower"), International Automated Systems Inc. ("IAS"), LTB1 LLC ("LTB1"), Neldon Johnson, and R. Gregory Shepard (collectively, the "Receivership Defendants"). Specifically, the Motion seeks to extend the receivership to the following (collectively, the "Affiliated Entities"):

    1.    Solco I, LLC ("Solco");

    2.    XSun Energy, LLC ("XSun");

    3.    Cobblestone Centre, LC ("Cobblestone");

---

[1] *See* Corrected Receivership Order, docket no. 491, filed November 1, 2018.

[2] Receiver's Motion to Include Affiliates and Subsidiaries in the Receivership Estate ("Motion"), docket no. 582, filed March 1, 2019; *see* Non-Parties Solco I, XSun Energy and Glenda Johnson's Notice of Intent to File Opposition to Receiver's Motion to Include Affiliates and Subsidiaries in the Receivership Estate, docket no. 586, filed March 4, 2019; Response to Receiver's Report and Recommendation and Motion to Include Affiliates and Subsidiaries in the Receivership Estate ("Response"), docket no. 596, filed March 15, 2019; Neldon Johnson's Opposition to the Receiver's Report and Motion, docket no. 597, filed March 18, 2019; Receiver's Reply in Support of Its Motion to Include Affiliates and Subsidiaries in the Receivership Estate ("Reply"), docket no. 602, filed March 29, 2019.

4. LTB O&M, LLC;

5. U-Check, Inc.;

6. DCL16BLT, Inc.;

7. DCL-16A, Inc.;

8. N.P. Johnson Family Limited Partnership ("NPJFLP");

9. Solstice Enterprises, Inc. ("Solstice");

10. Black Night Enterprises, Inc. ("Black Night");

11. Starlight Holdings, Inc. ("Starlight");

12. Shepard Energy; and

13. Shepard Global, Inc.

The Motion is based, in large measure, on the Receiver's Report and Recommendation on Inclusion of Affiliates and Subsidiaries in Receivership Estate (the "R&R").[3] The R&R was required by Paragraph 5 of the Corrected Receivership Order. The assets of these entities were frozen by that same paragraph "for the purpose of permitting the Receiver to investigate the assets, property, property rights, and interests of the" Affiliated Entities "to determine whether the assets, property, property rights, or interests of the [Affiliated Entities] derive from the abusive solar energy scheme at issue in this case or from an unrelated business activity."[4] In the R&R, "[t]he Receiver recommends that the 12 affiliated entities identified in the [Corrected Receivership] Order, as well as one additional entity, U-Check, Inc., be included in the Receivership Estate as Entity Receivership Defendants."[5]

---

[3] Docket no. 581 ("R&R"), filed February 25, 2019.
[4] Corrected Receivership Order, *supra* note 1, ¶ 5.
[5] R&R, *supra* note 3, at 28-29, ep 31-32.

Each of the Affiliated Entities has received timely and sufficient notice of the Motion and been afforded an adequate opportunity to be heard with respect to it.[6] Although Neldon Johnson and nonparties Glenda Johnson, XSun Energy, Solco, and Solstice filed responses opposing the Motion, they have not raised a genuine dispute as to any material fact set forth in support of the Motion.[7] No other response has been filed in opposition to the Motion.

It is generally recognized that district courts have broad powers and wide discretion to determine relief in a receivership.[8] "When a district court creates a receivership, its focus is to safeguard the assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary."[9] To accomplish the purpose of the receivership, courts frequently include all subsidiaries and affiliates of receivership defendants in the receivership, regardless of where they may be located.[10]

---

[6] *See* Reply, *supra* note 1, at 4-6.

[7] *See* Response, *supra* note 2; Opposition, *supra* note 2. No other person, including R. Gregory Shepard, has filed anything in opposition to the Motion, and the time to do so has now expired.

[8] *S.E.C. v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010).

[9] *Id.* (citation and internal quotation marks omitted).

[10] *See, e.g.*, *SEC v. Nationwide Automated Sys., Inc.*, No. CV-14-07249-SJO, 2014 WL 12599624, *5 (C.D. Cal. Nov. 10, 2014); *Orlowski v. Bates*, No. 2:11-cv-01396-JPM, 2014 WL 12771523, *1 (W.D. Tenn. July 28, 2014); *FTC v. Money Now Funding, LLC*, No. CV-13-01583-PHX, 2014 WL 11515024, *8 (D. Ariz. Apr. 28, 2014); *FTC v. Vacation Commc'ns Group, LLC*, No. 6:13-CV-789-ORL, 2013 WL 2468307, *7 (M.D. Fla. June 6, 2013); *SEC v. Small Bus. Capital Corp.*, No. 5:12-CV-03237-EJD, 2012 WL 12862153, *3 (N.D. Cal. June 26, 2012); *SEC v. Sunwest Mgmt., Inc.*, No. 09-6056-HO, 2009 WL 3245879, *2 (D. Or. Oct. 2, 2009); *FTC v. Direct Connection Consulting, Inc.*, No. 1:08-CV-1739, 2008 WL 11336186, *7 (N.D. Ga. May 14, 2008); *Commodity Futures Trading Comm'n v. Aurifex Commodities Research Co.*, No. 1:06-cv-166, 2007 WL 2481015, *1 (W.D. Mich. 2007); *Commodity Futures Trading Comm'n v. Wall Street Underground, Inc.*, No. Civ.A.03-2193-CM, 2004 WL 957852, *2 (D. Kan. Mar. 18, 2004); *FTC v. Sierra Pac. Mktg.*, No. CV-S-93-134-PMP, 1993 WL 78579, *6 (D. Nev. Feb. 22, 1993).

**FACTUAL BASIS**

The following facts are based on the evidence presented and existing record, including proof presented in hearings held April 26 and May 3, 2019.

1. For more than ten years, the Receivership Defendants promoted an abusive tax scheme centered on purported solar energy technology featuring "solar lenses" to customers across the United States. But the solar lenses were only the cover story for what the Receivership Defendants were really selling: unlawful tax deductions and credits. Their conduct, which is subject to penalty under the Internal Revenue Code, caused serious harm to the United States Treasury.[11] As a result, they have been enjoined from promoting their abusive solar energy scheme, ordered to disgorge their gross receipts, and required to turn over their assets and business operations to the Receiver.[12]

2. The whole purpose of RaPower, IAS, and LBT1 (collectively, the "Receivership Entities") was to perpetrate a fraud to enable funding for Neldon Johnson. The same is true for other entities Johnson created, controls, and owns (either directly or indirectly), including Solco, XSun, Solstice,[13] Cobblestone, LTB O&M, DCL16BLT, DCL-16A, NPJFLP, U-Check, Black Night, and Starlight. Johnson has commingled funds between these entities, used their accounts to pay personal expenses, and transferred Receivership Property to and through them in an

---

[11] Findings of Fact and Conclusions of Law, at 1, electronic page ("ep") 6 ("FFCL"), docket no. 467, filed October 4, 2018.

[12] *See* Memorandum Decision and Order Freezing Assets and to Appoint a Receiver, docket no. 444, filed August 22, 2018.

[13] Solco, XSun, and Solstice have each made an affirmative appearance in this case. *See* Response, *supra* note 2, at 1.

attempt to avoid creditors.[14] (U-Check, which is not specifically named in the Corrected Receivership Order, is in possession of a Cessna twin-engine airplane, which may have significant value, and which Neldon Johnson owned and controls.)[15]

3. Each of the Affiliated Entities is a subsidiary or affiliated entity of Receivership Defendants[16] and has close associations with the Receivership Entities.[17] In many cases, the Affiliated Entities and Receivership Entities have common officers, directors, members, and managers. Their corporate purposes are similar. And there have been numerous and substantial financial transactions between them.[18]

4. The failure of the Receivership Defendants and Affiliated Entities to cooperate or provide records,[19] together with the evidence the Receiver has obtained from financial institutions, show that the Receivership Defendants and Affiliated Entities have engaged in transactions without objective economic justification or compliance with legal formalities, while concealing assets and withholding records from the Receiver.[20]

---

[14] FFCL, *supra* note 11, at 128, ep 133; *id.* ¶¶ 17 n.26, 41, 284; R&R, *supra* note 3, §§ B.4-5, B.7, B.10-13, F.4-5, F.7, F.10-13; *id.* at 20, 36-37, ep 23, 39-40. The term "Receivership Property" has the same meaning in this Memorandum Decision and Order as it does in the Corrected Receivership Order.

[15] R&R, *supra* note 3, at 35, ep 38.

[16] *See* Corrected Receivership Order, *supra* note 1, ¶¶ 2, 5.

[17] R&R, *supra* note 3, at 35, ep 38.

[18] *Id.*

[19] *Id.* at 1-3, ep 4-6; *see also* United States' Motion to Show Cause Why Neldon Johnson, R. Gregory Shepard, Glenda Johnson, LaGrand Johnson, and Randale Johnson Should Not Be Held in Civil Contempt of Court for Violating the Corrected Receivership Order, docket no. 559, filed January 29, 2019; Receiver's Accounting, Recommendation on Publicly-Traded Status of International Automated Systems, and Liquidation Plan, docket no. 552, filed December 31, 2018; Receiver's Initial Quarterly Status Report, docket no. 557, filed January 28, 2019; Receiver's Second Quarterly Status Report, docket no. 608, filed April 15, 2019; and transcripts of proceedings April 26 and May 3, 2019.

[20] R&R, *supra* note 3, at 37-48, ep 40-51.

5. In many instances, the Affiliated Entities' only assets are tied to the Receivership Defendants. In each instance, the assets appear to have been transferred to the Affiliated Entities for the purpose of defrauding creditors. To prevent further dissipation of Receivership Property, it is necessary to put the Affiliated Entities under the Receiver's control.[21]

6. Based on the Receiver's investigation of the Affiliated Entities, the Receiver has recommended that the receivership be extended to include each of the Affiliated Entities.[22]

7. To fulfil the purposes of the receivership, safeguard receivership assets, administer receivership property as suitable, and achieve a final and equitable distribution of receivership assets, it is necessary to extend the receivership to include the Affiliated Entities.[23]

8. Although many of the Affiliated Entities are now defunct and without assets, bringing them into the receivership estate is necessary to prevent their use to perpetuate further fraud in contravention of the receivership's purposes.[24]

## ORDER

THEREFORE, IT IS HEREBY ORDERED that:

1. This court takes exclusive jurisdiction and possession of all assets, of whatever kind and wherever situated, of each of the Affiliated Entities.

2. The Affiliated Entities are hereby made part of the existing receivership estate, which is being administered by court-appointed receiver Wayne Klein, in accordance with the Corrected Receivership Order.

---

[21] *Id.* at 35-36, ep 38-39.

[22] *Id.* at 48-49, ep 51-52.

[23] *See Vescor*, 599 F.3d at 1194.

[24] R&R, *supra* note 3, at 36, ep 39.

3. The "Asset Freeze" set forth in the Corrected Receivership Order shall continue to include and apply to the Affiliated Entities.

4. The directors, officers, managers, employees, trustees, investment advisors, accountants, attorneys, and other agents of the Affiliated Entities are hereby dismissed, and the powers of any general partners, directors, or managers are hereby suspended. Such persons shall have no authority with respect to the Affiliated Entities' operations or assets, except to the extent as may hereafter by expressly granted by the Receiver or the court.

5. No person holding or claiming any position of any sort with any of the Affiliated Entities shall possess any authority to act by or on behalf of any of the Affiliated Entities.

6. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the owners, members, shareholders, officers, directors, managers, and general and limited partners of the Affiliated Entities under applicable state and federal law, by the governing charters, bylaws, articles, or agreements in addition to all powers and authority of a receiver at equity.

7. In carrying out his responsibilities as receiver, the Receiver shall have all control over assets, books, records, and accounts of Affiliated Entities and all powers and rights granted to the Receiver in the Corrected Receivership Order.

8. The Receivership Defendants, their subsidiaries, any affiliated entities, any affiliated individuals (including spouses and other family members), and the past and present officers, directors, agents, managers, servants, employees, attorneys, accountants, general and limited partners, trustees, and any person acting for or on behalf of the Affiliated Entities, shall cooperate with and assist the Receiver in the performance of his duties and obligations relating to

the Affiliated Entities to the same extent as required in the Corrected Receivership Order with respect to the Receivership Defendants.

9. All persons having control, custody, or possession of any property or records of Affiliated Entities are hereby ordered to turn such property or records over to the Receiver to the same extent as required by the Corrected Receivership Order with respect to Receivership Defendants.

10. As the holder of all ownership and management interests of the Affiliated Entities, the Receiver is granted power and authority to transfer all assets (including intellectual property and real estate) owned or controlled by foreign-based entities to the United States and to liquidate or abandon all foreign entities created by Receivership Defendants.

11. The stay of litigation set forth in the Corrected Receivership Order shall apply to the Affiliated Entities to the same extent as it does to the Receivership Entities.

12. All other provisions of the Corrected Receivership Order shall apply to the Affiliated Entities, as they do to the Receivership Entities, to the extent necessary and appropriate to allow the Receiver to accomplish his duties under the Corrected Receivership Order.

13. Any person who may have an objection to this Memorandum Decision and Order, whether in whole or in part, must file such objection in this case within 21 days of receiving actual notice of this Memorandum Decision and Order or else such objection shall be considered waived.

Signed May 3, 2019.

BY THE COURT:

David Nuffer
United States District Judge