IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC; INTERNATIONAL AUTOMATED SYSTEMS, INC.; LTB1, LLC; R. GREGORY SHEPARD; and NELDON JOHNSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS REGARDING INCLUSION OF AFFILIATES AND SUBSIDIARIES**<br><br>Case No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

The Memorandum Decision and Order on Receiver's Motion to Include Affiliates and Subsidiaries in Receivership ("Affiliates Order") states that "[a]ny person who may have an objection to" the Affiliates Order, "whether in whole or in part, must file such objection in this case within 21 days of receiving actual notice of" the Affiliates Order "or else such objection shall be considered waived."[1] Since then, XSun Energy LLC has filed a timely objection to the Affiliates Order;[2] Solco I LLC has filed a timely objection to the Affiliates Order;[3] and Solstice Enterprises Inc., Black Night Enterprises Inc., Starlite Holdings Inc., and N.P. Johnson Family Limited Partnership have filed a timely objection to the Affiliates Order.[4] All three objections

---

[1] Docket no. 636 ("Affiliates Order"), filed May 3, 2019.

[2] XSun Energy LLC's Objection to Order on Memorandum and Decision and Order on Receiver's Motion to Include Affiliates and Subsidiaries in Receivership, docket no. 664, filed May 23, 2019; *see* Receiver's Response to Objections to Memorandum Decision and Order Including Affiliates and Subsidiaries in Receivership Estate ("Response"), docket no. 687, filed June 6, 2019.

[3] Solco I LLC's Objection to Order on Memorandum and Decision and Order on Receiver's Motion to Include Affiliates and Subsidiaries in Receivership, docket no. 665, filed May 23, 2019; *see* Response, *supra* note 2.

[4] Solstice Enterprises Inc., Black Night Enterprises Inc., Starlight Holdings Inc., N.P. Johnson Family Limited Partnership's Objection to Order on Memorandum and Decision and Order on Receiver's Motion to Include Affiliates and Subsidiaries in Receivership, docket no. 675, filed May 24, 2019; *see* Response, *supra* note 2; *see also*

elm

(collectively, the "Objections") are essentially identical and argue the same thing: that the Affiliates Order violates the objectors' procedural due process rights.

XSun Energy LLC, Solco I LLC, and Solstice LLC previously made this same argument (nearly verbatim), and it was rejected.[5] For the same reasons as before, it is rejected again today.

It has already been established that each of the objectors "received timely and sufficient notice of the" Receiver's Motion to Include Affiliates and Subsidiaries in the Receivership Estate[6] and was "afforded an adequate opportunity to be heard with respect to it."[7] The Objections do not raise a genuine dispute regarding this issue or as to any other material fact stated in the Affiliates Order. As a result, the objectors were afforded due process prior to issuance of the Affiliates Order, and, by allowing them to raise further objections after that order was entered, they were afforded additional due process.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Objections[8] are OVERRULED.

Signed July 8, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

Solstice Enterprises Inc., Black Night Enterprises Inc., Starlight Holdings Inc., N.P. Johnson Family Limited Partnership's Objection to Order on Memorandum Decision and Order on Receiver's Motion to Include Affiliates and Subsidiaries in Receivership, docket no. 666, filed May 23, 2019; Notice of Deficiency, docket no. 667, filed May 23, 2019.

[5] Response to Receiver's Report and Recommendation and Motion to Include Affiliates and Subsidiaries in the Receivership Estate, docket no. 596, filed March 15, 2019; *see* Affiliates Order, *supra* note 1.

[6] Docket no. 582, filed March 1, 2019.

[7] Affiliates Order, *supra* note 1, at 3.

[8] Docket no. 664, filed May 23, 2019; Docket no. 665, filed May 23, 2019; Docket no. 675, filed May 24, 2019.