UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAPOWER-3, LLC; INTERNATIONAL AUTOMATED SYSTEMS, INC.; LTB1, LLC; R. GREGORY SHEPARD; NELDON JOHNSON; and ROGER FREEBORN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br>**(1) DENYING [808] NSDP MOTION TO RETAIN RECORDS;**<br>**(2) REQUIRING NELDON JOHNSON TO DELIVER BOXES 15-27 TO THE RECEIVER; AND**<br>**(3) REQUIRING PLAINTIFF TO FILE STATUS REPORT AS TO ASSETS, DOCUMENTS, AND INFORMATION PRODUCED AND AS TO ISSUES REMAINING FOR SHOW-CAUSE HEARING**<br><br>Civil No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

Nelson, Snuffer, Dahle & Poulsen ("NSDP") has filed a motion to retain certain documents ("Motion")[1] that Neldon Johnson was ordered to deliver to the United States Attorney's Office.[2] As explained below, the Motion is denied.

The November 25, 2019 Order stated, among other things, that "[b]y no later than December 6, 2019, Neldon Johnson must deliver boxes 15-27 referenced in his most recent

---

[1] NSDP Motion to Retain Records, docket no. 808, filed December 2, 2019; Memorandum in Opposition to NSDP Motion to Retain Records ("Opposition"), docket no. 817, filed December 12, 2019; Reply to Opposition to NSDP Motion to Retain Records ("Reply"), docket no. 824, filed December 23, 2019.

[2] Order Re: Evidentiary Hearing Set for December 13, 2019 ("November 25, 2019 Order"), docket no. 803, filed November 25, 2019.

1

declaration[Footnote 2] to the United States Attorney's Office in Salt Lake City, Utah."[3] The November 25, 2019 Order also set a deadline of December 2, 2019, for NSDP to "file any motion to retain possession of the boxes."[4]

NSDP timely filed a motion for retention.[5] Among other things, NSDP argues that it is unclear which documents the court meant when it referred to "boxes 15-27."[6] This argument is unpersuasive. As NSDP itself notes in part,[7] the relevant provision from Neldon Johnson's declaration states as follows:

> attached as *Document Inventory of Boxes, Exhibit K* is an inventory identifying specific documents and their general description in the boxes containing documents and records (excluding patents), of the 27 boxes Neldon P. Johnson delivered to Nelson Snuffer for which an index of boxes and content is attached as *Index of Boxes, Exhibit L* . . . ."[8]

NSDP suggests that the boxes described here could be certain boxes that Neldon Johnson first delivered to NSDP in May 2019, and then retrieved and delivered to the Receiver, who still has them.[9] However, NSDP then acknowledges that "[t]he Exhibit L attached to ECF 738 describes boxes currently located at NSDP . . . ."[10] NSDP denies that such boxes were delivered by Neldon Johnson to NSDP.[11] Further, it says that these "are boxes of files containing the

---

[3] November 25, 2019 Order, *supra* note 2, at 1. Footnote 2 in the November 25, 2019 Order cited the Declaration of Neldon Johnson, "[d]ocket no. 738, filed August 2, 2019, ¶10 (referencing 27 boxes located at Nelson, Snuffer, Dahle & Poulsen)." Footnote 2's citation to *paragraph* 10 of Neldon Johnson's declaration was in error, as the intended reference was to *page* 10 of that declaration. Despite the mistaken reference, NSDP located the provision at issue, which it quotes in its motion as discussed below.
[4] November 25, 2019 Order, *supra* note 2, at 1.
[5] Motion, *supra* note 1.
[6] *Id*. at 1.
[7] *Id*. at 2.
[8] Declaration of Neldon Johnson at 9-10, docket no. 738, filed August 2, 2019.
[9] Motion, *supra* note 1, at 2-3.
[10] *Id*. at 3.
[11] *Id*. at 3-4.

original work product of legal services provided by NSDP for Neldon Johnson, [International Automated Systems, Inc. ("IAS")] or others affiliated with IAS," and that such documents are needed by NSDP to defend against the Receiver's claims against NSDP in case no. 2:19-cv-00851.[12]

As the Receiver maintains, the NSDP Motion raises no significant issue regarding the identity of the boxes the court ordered Neldon Johnson to deliver to the U.S. Attorney's Office in Salt Lake City. Neldon Johnson's reference to "the 27 boxes [he] delivered to Nelson Snuffer" was preceded and followed by specific identification of the particular exhibits describing the content of the boxes in question. NSDP has acknowledged that the boxes described in Exhibit L of Neldon Johnson's declaration are in fact located at NSDP. To the extent NSDP harbored any reasonable doubt regarding which boxes were referenced in the November 25, 2019 Order, clarification is now made that the boxes are those specifically described in Exhibits K and L to Neldon Johnson's August 2, 2019 declaration.

NSDP's work product argument likewise fails. As the Receiver points out, and as has already been held in this case,[13] under the receivership order all legal privileges of the Receivership Defendants or affiliated entities now belong to the Receiver.[14] The Receiver also correctly observes that, even if NSDP may assert work product protection in its own right, NSDP has not shown that the work product doctrine applies to any of the documents at issue (i.e., that

---

[12] *Id*.
[13] Memorandum Decision and Order Denying Defendants' Rule 26(c) Motion at 3, docket no. 589, filed March 6, 2019 (rejecting defense assertion of attorney-client privilege as to certain documents).
[14] Corrected Receivership Order, ¶13(n), docket no. 491, filed November 1, 2018; Memorandum Decision and Order on Receiver's Motion to Include Affiliates and Subsidiaries in Receivership, docket no. 636, filed May 3, 2019.

they were prepared in anticipation of litigation).[15] Further, if any of the documents contained in boxes 15-27 referenced in the November 25, 2019 Order are needed by NSDP to defend itself against the Receiver's claims in the separate action, nothing in that order or in this Decision prevents NSDP from making copies of the documents. And absent any colorable claim of NSDP ownership of the documents, it is reasonable that NSDP should bear the cost of making copies.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the NSDP Motion is DENIED. IT IS FURTHER ORDERED as follows:

(1) By no later than January 10, 2020, boxes 15-27 (of the 27 boxes referenced on page 10 of Neldon Johnson's August 2, 2019 declaration and described in Exhibits K and L thereto) must be delivered to the Receiver at his office (rather than to the United States Attorney's Office in Salt Lake City, Utah, as stated in the court's November 25, 2019 Order); and

(2) By no later than January 15, 2020, the United States(joined by the Receiver as appropriate) must provide a status report regarding the issues raised in its motion for additional sanctions,[16] including assets, documents, and information that have been provided by Neldon Johnson, Glenda Johnson, Randale Johnson,

---

[15] *In re Grand Jury Proceedings*, 156 F.3d 1038, 1042 (10th Cir. 1998) ("The party asserting work product privilege has the burden of showing the applicability of the doctrine.") (citation omitted).
[16] United States' Motion for Additional Sanctions Due to Continued Contempt of Neldon Johnson, Glenda Johnson, LaGrand Johnson, and Randale Johnson, docket no. 754, filed August 21, 2019.

or Lagrand Johnson, since the United States filed its reply, and as to the issues that remain to be heard on January 23 and 24, 2020.

SIGNED December 28, 2019.

**BY THE COURT:**

David Nuffer
United States District Judge