IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, and NELDON JOHNSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT NOTICE AND/OR MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Civil No. 2:15-cv-00828-DN-DAO<br><br>District Judge David Nuffer<br>Magistrate Judge Daphne A. Oberg |

This order resolves the Notice and/or Motion to Withdraw as Counsel ("Motion to Withdraw") filed by Denver C. Snuffer, Jr., Steven R. Paul, Daniel B. Garriott, Joshua D. Egan, and the law firm of Nelson, Snuffer, Dahle, and Poulsen P.C.'s (collectively, "NSDP").[1] The motion states NSDP seeks to withdraw for Rapower-3, LLC, International Automated Systems, Inc.; LTB1, LLC; and Neldon Johnson ("Defendants").[2]

NSDP recently filed, on behalf of Defendants, a motion to set aside the judgment in this case under Fed. R. Civ. P. 60 ("Rule 60 Motion").[3] Now NSDP asserts that, based on "the threat

---

[1] Docket no. 939, filed June 26, 2020 (subsequently renumbered as docket no. 949, filed July 6, 2020); United States' Response to NSDP's Motion to Withdraw as Counsel ("Response"), docket no. 940, filed June 29, 2020; NSDP's Reply Memorandum Regarding Its Notice and/or Motion to Withdraw As Counsel for Defendants ("Reply"), docket no. 944, filed July 2, 2020.

[2] Motion to Withdraw, *supra* note 1, at 1.

[3] Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court), docket no. 931, filed May 26, 2020. The Rule 60 Motion is purportedly based on newly discovered evidence and fraud on the court: namely, that in a pending Tax Court proceeding, the government's expert, Dr. Thomas Mancini, has testified (and the IRS has conceded) that the system at issue in this case could produce electricity, which contradicts his trial testimony and the government's position in this case.

1

from Plaintiff's counsel to pursue [Rule 11] sanctions if the Rule 60 Motion is not withdrawn, a conflict of interest has arisen between the interests of NSDP (to avoid dealing with Rule 11 [by withdrawing the Rule 60 Motion]) and Defendants (to have their Rule 60 Motion heard)."[4] NSDP adds that it "has not been paid for its services since the retainer in trust was frozen," resulting in "an outstanding balance for attorney's fees and costs owed to NSDP in excess of $702,172.21, and we no longer have the financial ability to continue as counsel for Defendants in this matter without compensation."[5]

Notably, NSDP "seeks the withdrawal only as to the immediate proceedings"[6] (presumably the Rule 60 Motion) "but intends to remain as counsel for Glenda Johnson, Randale Johnson and LaGrand Johnson in the contempt proceedings and as counsel for Greg Shepard." As for Neldon Johnson, who "is represented by Edwin Wall," "NSDP expects to continue to represent him, and the other Defendants only in the appeals pending before the 10th Circuit Court of Appeals and any further petitions relating to those appeals," as well as possibly "enlarging the scope of the Rule 60 Motion to include recent authority from the US Supreme Court."[7]

The United States suggests that the Motion to Withdraw should only be granted on condition that the Rule 60 Motion is first withdrawn. The United States questions whether NSDP had the authority to file the Rule 60 Motion on behalf of any of the Defendants, noting (1) the Corrected Receivership Order "strictly limit[s] the authority that any person other than the

---

[4] Motion to Withdraw, *supra* note 1, at 2.

[5] *Id.*

[6] *Id.* at 3.

[7] *Id.* at 3 & n.2.

2

Receiver may exercise on behalf of any Receivership Defendant;"[8] (2) that the court previously entered an order granting NSDP's motion to withdraw as to the same Defendants;[9] (3) that the Rule 60 Motion was filed "without leave of Court;"[10] (4) that Neldon Johnson is now represented by Edwin Wall, who did not sign the Rule 60 Motion;[11] (5) that "no explanation" has been given "of who authorized this filing on behalf of Neldon Johnson or any entity;"[12] (6) that "[t]he Local Rules establish specific procedures for appearing or substituting counsel;"[13] and (7) that, despite moving to withdraw as to the Rule 60 Motion, NSDP "suggest[s] [it] may attempt to re-insert [itself] later to 'enlarg[e] the scope of the Rule 60 motion.'"[14]

It is rebuttably presumed that filings are authorized by those on whose behalf they are filed.[15] While the burden for rebutting the presumption "is not severe,"[16] none of the points raised by the United States raises any "serious question[]" about NSDP's authority to file the Rule 60 Motion on behalf of Defendants.[17]

---

[8] Response, *supra* note 1, at 5. In addition to the CRO, the United States references "other orders of this Court," but the only language it quotes is found in the CRO, and provides as follows: "No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants. . . . [Neither] Johnson . . . nor anyone acting on [his] behalf[] shall make any court filings . . . on behalf of [IAS, RaPower-3, or LTB1] *other than in this case* or in the pending appeal of an order in this case." CRO at 6 (¶ 10) (emphasis added), docket no. 491, filed November 1, 2018.

[9] Order Granting Motion to Withdraw as Counsel, docket no. 592, filed March 6, 2019.

[10] Response, *supra* note 1, at 5.

[11] *Id.*

[12] *Id.*

[13] *Id.* (citing DUCivR 83-1.3, 83-1.4).

[14] *Id.*

[15] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992).

[16] *Id.*

[17] Response, *supra* note 1, at 5.

However, as the United States has observed, "[s]ince the conduct subject to sanctions typically is appraised *as of the time of the filing*, courts properly have held that an attorney cannot immunize himself from the imposition of sanctions under Rule 11 simply by withdrawing from the case."[18] Further, although "[a]n attorney's withdrawal from representation during the safe harbor period may be viewed by some courts as removing them from the reach of Rule 11 sanctions for violations committed prior to the withdrawal," such an attorney would still be subject to the imposition of sanctions initiated on the court's own motion, in which circumstance "the safe harbor provision . . . does not apply."[19] Thus, NSDP's withdrawal, even if allowed, is no assurance that it can "avoid dealing with Rule 11."[20]

The United States also notes that NSDP was aware of its outstanding balance with Defendants at the time the Rule 60 Motion was filed,[21] and that "[w]ithdrawal may not be used to unduly prejudice the non-moving party by improperly delaying the litigation."[22] The United States highlights instances of Defendants "changing, or attempting to change, representation at critical moments in litigation,"[23] and stresses its investment in "time and resources in taking

---

[18] 5A Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, Fed. Prac. & Proc. Civ. § 1337.1 (4th ed.) (April 2020 update) (footnote omitted).

[19] *Id.* (footnotes omitted); Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

[20] Motion to Withdraw, *supra* note 1, at 2.

[21] Response, *supra* note 1, at 7-8.

[22] DUCivR 83-1.4(c)(3).

[23] Notice of Substitution of Counsel (substituting counsel on date discovery responses due), docket no. 46, filed May 18, 2016; Motion to Compel RaPower-3 to Respond to Plaintiff's First Interrogatories at 2, docket no. 53, filed June 21, 2016; Motion to Withdraw as Counsel for Defendants[] RaPower-3, LLC, International Automated Systems, Inc., LTB1, LLC, and Neldon Johnson at 2 (moving to withdraw and noting multiple depositions scheduled to occur prior to June 2, 2017), docket no. 164, filed May 19, 2017; Trial Tr. 4:19-12:19 (Neldon Johnson's assertion of pro se status at start of trial) Civil Contempt Proceedings May 28, 2019 Tr. vol. 1, 3:4-10:2, 36:14-137:2, 149:24-150:5; *id.* vol. 2, 70:19-71:8; Minute Entry, docket no. 685, filed May 28, 2019.

appropriate steps in response to the Rule 60 motion by initiating Rule 11 procedures."[24] It argues that NSDP should not be allowed "to avoid Rule 11's requirements while burdening the Court and the United States with a factually baseless and legally meritless motion," which "would improperly delay resolution of this litigation."[25]

As already noted, NSDP may not exempt itself from the requirements of Rule 11 by withdrawing from further participation as to the Rule 60 Motion it filed. Further, the United States' argument regarding prejudice depends, for its premise, on the "factually baseless and legally meritless" nature of the Rule 60 Motion, which at this point has not been shown. Moreover, contrary to the United States' position, Neldon Johnson's appointed CJA counsel, Edwin S. Wall, is not in a position to "argue for post-judgment relief"[26] on behalf of Neldon Johnson. Mr. Wall was only appointed under the Criminal Justice Act to represent Neldon Johnson in connection with the contempt proceedings based on the possibility of incarceration. Because the United States has not identified any legitimate basis on which to require withdrawal of the Rule 60 Motion as a precondition to allowing NSDP to withdraw from representing Defendants as to the Rule 60 Motion, that condition will not be imposed.

However, to avoid delay in the proceedings, the Defendants must appear by counsel or in person, as the rules require, and in a strict timeframe, before the Motion to Withdraw will be granted.

---

[24] Response, *supra* note 1, at 8.

[25] *Id.*

[26] *Id.* at 7.

5

**ORDER**

For the foregoing reasons, pursuant to DUCivR 83-1.4, IT IS HEREBY ORDERED that the Motion to Withdraw[27] is taken under advisement, and **may** be granted no later than 14 days from the date of this order, on appearance of new counsel for all Defendants by new counsel, or by appearance pro se in the case of the only individual involved, Neldon Johnson.

With regard to Defendants' continued representation, the Court **ORDERS** as follows:

1. NSDP shall continue to represent Defendants in the "immediate proceedings" until further order.

2. Replacement counsel for Defendants must file a Notice of Appearance within fourteen (14) days after the entry of this order, unless otherwise ordered by the Court. Pursuant to Utah DUCivR 83-1.3, no corporation, association, partnership or other artificial entity may appear pro se, but must be represented by an attorney who is admitted to practice in this court.

3. Any order granting NSDP's motion to withdraw will be granted only as to the Rule 60 Motion as NSDP intends to remain as counsel

    a. for Glenda Johnson, Randale Johnson and LaGrand Johnson in the contempt proceedings;

    b. for Greg Shepard;

    c. for Neldon Johnson and the other Defendants in the appeals pending before the 10th Circuit Court of Appeals and any further petitions relating to those appeals; and

---

[27] Docket no. 939, filed June 26, 2020 (subsequently renumbered as docket no. 949, filed July 6, 2020).

d. for Solco I, LLC, XSun Energy LLC, Cobblestone Centre, LC, LTB O&M, LLC, U-Check, Inc., DCL16BLT, Inc., DCL-16A, Inc., N.P. Johnson Family Limited Partnership, Solstice Enterprises, Inc., Black Night Enterprises, Inc., Starlight Holdings, Inc., Shepard Energy, and Shepard Global, Inc. ("Affiliated Entities").

**A party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to mooting the Rule 60 Motion.**

IT IS FURTHER ORDERED that within fourteen (14) days any party and Mr. Wall may file a notice resisting clarification of the Docket Text Order appointing Mr. Ed Wall[28] as counsel for Mr. Neldon Johnson only for the contempt proceeding. The clarification will state that Mr. Wall's appointment is limited to the contempt proceeding.

Signed July 7, 2020.

BY THE COURT:

David Nuffer
District Court Judge

---

[28] Docket Text Order, docket no. 652, filed May 16, 2019.