IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAPOWER-3, LLC, INTERNATIONAL AUTOMATED SYSTEMS, INC., LTB1, LLC, R. GREGORY SHEPARD, and NELDON JOHNSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [949] NOTICE AND/OR MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS AND DENYING AS MOOT [931] MOTION TO SET ASIDE JUDGMENT**<br><br>Civil No. 2:15-cv-00828-DN-DAO<br><br>District Judge David Nuffer<br>Magistrate Judge Daphne A. Oberg |

The court entered an order taking under advisement ("Order")[1] the motion to withdraw filed by Denver C. Snuffer, Jr., Steven R. Paul, Daniel B. Garriott, Joshua D. Egan, and the law firm of Nelson, Snuffer, Dahle, and Poulsen P.C.'s (collectively, "NSDP").[2] The stated basis for the Motion to Withdraw was the existence of a conflict of interest between NSDP and the Defendants on whose behalf NSDP had filed a motion to set aside the judgment in this case under Fed. R. Civ. P. 60 ("Rule 60 Motion").[3]

The Order indicated that the Motion to Withdraw "may be granted no later than 14 days from the date of this order, on appearance of new counsel for all Defendants by new counsel, or

---

[1] Memorandum Decision and Order Taking Under Advisement Notice and/or Motion to Withdraw As Counsel for Defendants, docket no. 953, filed July 8, 2020.

[2] Notice and/or Motion to Withdraw as Counsel ("Motion to Withdraw"), docket no. 939, filed June 26, 2020 (subsequently renumbered as docket no. 949, filed July 6, 2020).

[3] Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court), docket no. 931, filed May 26, 2020.

1

by appearance pro se in the case of the only individual involved, Neldon Johnson."[4] The Order further stated that "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to mooting the Rule 60 Motion."[5] And finally, the Order stated that any order granting NSDP's motion to withdraw would, if granted, "be granted only as to the Rule 60 Motion."[6] No appearance of new counsel, or appearance pro se by Neldon Johnson, has been filed since the entry of the Order, and the time given in the Order for any such appearance has expired.

Therefore, IT IS HEREBY ORDERED that the Rule 60 Motion[7] is DEEMED MOOT and DENIED, and the Motion to Withdraw[8] is likewise DEEMED MOOT and DENIED because the Rule 60 Motion is moot and denied.

Signed July 28, 2020.

BY THE COURT:

David Nuffer
District Court Judge

---

[4] Order, *supra* note 1, at 6.

[5] *Id*. at 7. Strictly speaking, rule 16(f)(1) is inapplicable outside of the scheduling or pretrial context, but there is nothing novel in the proposition that a party must appear in order to make arguments before a court, which is the substance of the Order.

[6] *Id*. at 6.

[7] Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court), docket no. 931, filed May 26, 2020.

[8] Notice and/or Motion to Withdraw as Counsel, docket no. 939, filed June 26, 2020 (subsequently renumbered as docket no. 949, filed July 6, 2020).