# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>v.<br><br>RAPOWER-3, LLC; INTERNATIONAL AUTOMATED SYSTEMS, INC.; LTB1, LLC; R. GREGORY SHEPARD; NELDON JOHNSON; and ROGER FREEBORN,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [964] MOTION FOR RULE 11 SANCTIONS**<br><br>Civil No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

Plaintiff filed a motion for rule 11 sanctions ("Rule 11 Motion")[1] on the ground that the motion to set aside the judgment ("Rule 60 Motion")[2] filed by Nelson, Snuffer, Dahle and Poulsen ("NSDP"), on behalf of Defendants, had "no basis in fact or law."[3] The Rule 11 Motion is DENIED.

---

[1] United States' Motion for Rule 11 Sanctions Regarding ECF No. 931, "Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court)," docket no. 964, filed July 13, 2020; NSDP's Memorandum in Opposition to Plaintiff's Motion for Sanctions Under FRCP, Rule 11, docket no. 990, filed August 10, 2020; United States' Reply on Its Motion for Rule 11 Sanctions Regarding ECF No. 931, "Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court)," docket no. 1004, filed September 4, 2020.

[2] Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court), docket no. 931, filed May 26, 2020.

[3] Rule 11 Motion at 5, 8.

## DISCUSSION

The court agrees with Plaintiff that the Rule 60 Motion, which was previously denied as moot,[4] is, after careful review, without merit. The Rule 60 Motion maintains that, in a Tax Court proceeding, the government made certain concessions about the IAS solar technology that are irreconcilable with the government's position about the same technology in the trial in this case.[5] The Rule 60 Motion also characterizes the testimony of a key government witness at trial here, Dr. Thomas Mancini, as contradictory to his testimony in the Tax Court proceeding.[6] The Rule 60 Motion asserts that this is "newly discovered evidence" under Fed. R. Civ. P. 60(b)(2) and evidence of "fraud . . . misrepresentation, or misconduct by an opposing party" under subdivision (b)(3).[7]

As Plaintiff has argued, and as the court previously indicated (in addressing largely identical arguments made by Glenda Johnson),[8] the alleged concessions and contradictions are exaggerated, to say the least. The Rule 60 Motion does not present evidence that "would probably produce a different result" in a new trial.[9] Rather, the newly discovered evidence here is, at best, merely of an "impeaching" quality, which is insufficient to qualify for relief under

---

[4] Memorandum Decision and Order Denying [949] Notice and/or Motion to Withdraw As Counsel for Defendants and Denying As Moot [931] Motion to Set Aside Judgment, docket no. 976, filed July 28, 2020.

[5] Rule 60 Motion at 2-5.

[6] *Id.* at 5-8.

[7] *Id.* at 1-2.

[8] Memorandum Decision and Order Granting Turnover Motion; Denying Motion to Strike; Overruling Objection to Authentication of Exhibits; and Overruling Objection to Rejection of Reputed Contract ("Turnover Order") at 43-44, docket no. 1007, filed September 15, 2020.

[9] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (newly discovered evidence under Fed. R. Civ. P. 60(b)(2) must be, among other things, material, and such "that a new trial[ ] with the newly discovered evidence would probably produce a different result") (citation omitted).

2

subdivision (b)(2).[10] Also as noted by Plaintiff, subdivision (b)(3) addresses "claims of fraud between the parties" rather than "fraud on the court,"[11] which is the issue asserted in the Rule 60 Motion,[12] and which is addressed under subdivision (d)(3). The latter provision is not cited in the Rule 60 Motion.

Whether addressed under subdivision (b)(3) or (d)(3), the asserted fraud, misrepresentation, or misconduct argument fails. Under subdivision (b)(3), "clear and convincing proof" is required,[13] and "the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial."[14] Under subdivision (d)(3), "only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court."[15] No evidence meeting the standard under either subdivision has been presented.

While the Rule 60 Motion clearly falls short, it is not so devoid of factual or legal support as to warrant the imposition of sanctions. As a factual matter, the court previously noted that the highlighted "excerpts of Dr. Mancini's testimony in Tax Court as to the technology's potential do seem to be somewhat at odds with his testimony here . . . ."[16] Although "his testimony in the

---

[10] *Id.*

[11] *Id.* at 1290-91.

[12] Rule 60 Motion at 1 (caption).

[13] *Id.* (citations and quotation marks omitted).

[14] *Id.* at 1290 (citations omitted).

[15] *Id.* at 1291.

[16] Turnover Order at 44.

two proceedings can be largely, if not entirely, reconciled,"[17] it is understandable that dedicated defense counsel and Defendants themselves might see the matter differently. Further, when Plaintiff advised NSDP that it would pursue sanctions if the Rule 60 Motion were not withdrawn, NSDP attempted to withdraw itself from pursuing the Rule 60 Motion.[18] Particularly in light of this procedural history, and "the intent of Rule 11(c)(2)'s safe harbor provision,"[19] it would be improper to impose Rule 11 sanctions. Nor do the circumstances justify imposing sanctions pursuant to the court's inherent powers.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Rule 11 Motion[20] is DENIED.

SIGNED December 7, 2020.

**BY THE COURT:**

David Nuffer
United States District Judge

---

[17] *Id.*

[18] Notice and/or Motion to Withdraw as Counsel, docket no. 939, filed June 26, 2020 (subsequently renumbered as docket no. 949, filed July 6, 2020).

[19] *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010).

[20] United States' Motion for Rule 11 Sanctions Regarding ECF No. 931, "Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court)," docket no. 964, filed July 13, 2020.