IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>RAPOWER-3, LLC; INTERNATIONAL AUTOMATED SYSTEMS, INC.; LTB1, LLC; R. GREGORY SHEPARD; NELDON JOHNSON; and ROGER FREEBORN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING [986] MOTION TO SET ASIDE JUDGMENT AGAINST DEFENDANTS<br><br>Civil No. 2:15-cv-00828-DN<br><br>District Judge David Nuffer |

After the court denied as moot the motion to set aside the judgment against Defendants ("First Rule 60 Motion")[1] filed by Nelson, Snuffer, Dahle and Poulsen ("NSDP"),[2] Neldon Johnson, acting pro se, filed a second motion to set aside the judgment ("Second Rule 60 Motion").[3] The Second Rule 60 Motion is DENIED.

## DISCUSSION

The Second Rule 60 Motion raises two issues. The first – which Johnson labels "newly discovered evidence" and "fraud on the court" – concerns alleged government concessions and evidence about the IAS solar technology presented in a Tax Court proceeding, which Johnson views as irreconcilable with the government's position and evidence presented in this case. As

---

[1] Rule 60 Motion to Set Aside Judgment Against Defendants (Newly Discovered Evidence) (Fraud on the Court), docket no. 931, filed May 26, 2020.

[2] Memorandum Decision and Order Denying [949] Notice and/or Motion to Withdraw As Counsel for Defendants and Denying As Moot [931] Motion to Set Aside Judgment, docket no. 976, filed July 28, 2020.

[3] Rule 60 Motion to Set Aside Judgment against Defendants (Newly Discovered Evidence) (Fraud on the Court) (Change in Law), docket no. 986, filed August 3, 2020; United States' Brief in Opposition to Neldon Johnson's Rule 60 Motion, docket no. 1044, filed December 21, 2020.

Plaintiff correctly observes, the court has already concluded that this argument is "without merit."[4] It is rejected here for the same reasons previously stated.

The second issue raised is that this court "did not follow the requirements of" a recent Supreme Court decision, *Liu v. SEC*, 140 S. Ct. 1936 (2020).[5] Johnson argues that, under *Liu*, "[o]nly net profits, not gross receipts used in this case, are permitted as the measure of disgorgement," and

> [t]he government failed to show any proof of net profits. The decision was based entirely on "deposits" into bank accounts and the government witnesses admitted there could be double-deposits or even triple-deposits counted in that gross number. The government has the burden of proving net profits and they offered no proof, therefore failed to meet their burden of proof and this case should be dismissed for failure of the government to prove the correct measure of damages. The requirements and limits on calculating disgorgement damages have been clarified by the US Supreme Court and make the calculation of damages in this case improper.[6]

It is true that *Liu* held that "courts must deduct legitimate expenses before ordering disgorgement . . . ."[7] However, as Plaintiff points out, *Liu* did not purport to impact the rule on which party bears the burden of proving legitimate expenses. This court required the government to provide "a reasonable approximation of [Defendants'] unjust enrichment" and placed the burden on Defendants of "showing that unjust enrichment is something less than the amount" shown by the government.[8] Johnson has not shown this rule to be incorrect or altered under *Liu*, nor has he identified the reasonable expenses that he says should have been subtracted. Under

---

[4] Memorandum Decision and Order Denying [964] Motion for Rule 11 Sanctions, docket no. 1030, filed December 7, 2020.

[5] Second Rule 60 Motion at 2.

[6] *Id.*

[7] 140 S. Ct. at 1950.

[8] Docket Text Order, docket no. 359, filed March 29, 2018.

these circumstances, the Tenth Circuit upheld the court's denied a post-*Liu* petition for rehearing on the disgorgement award.[9] The Second Motion is denied for the same reasons.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Second Rule 60 Motion[10] is DENIED.

Dated January 15, 2021.

BY THE COURT:

*[signature]*

David Nuffer
United States District Judge

---

[9] *United States v. RaPower-3, LLC*, Appellate Case No. 18-4150, Doc. No. 010110378272 (filed July 17, 2020).

[10] Rule 60 Motion to Set Aside Judgment against Defendants (Newly Discovered Evidence) (Fraud on the Court) (Change in Law), docket no. 986, filed August 3, 2020.